### JESSIE C. EARLY v. FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY.

(Filed 29 March, 1944.)

**Insurance § 47—**

In an action to recover damages for personal injuries, received by plaintiff in an automobile accident, against defendant, the owner of the car, where defendant's insurer undertakes the defense of the action, with full information as to the character of the injury, and a judgment is rendered against insured, in a subsequent action by the same plaintiff against the insurer, based on such judgment, an objection that the liability is not one within the terms of the policy will be deemed waived and a demurrer to complaint for failure to state a cause of action overruled.

APPEAL by plaintiff from judgment sustaining demurrer upon the ground that the complaint "does not state or set out a cause of action" entered by *Ervin, Special Judge,* at November Term, 1943, of CALDWELL.

*W. H. Strickland for plaintiff, appellant.*

*Townsend & Townsend, Hunter Martin, and J. T. Pritchett for defendant, appellee.*

SCHENCK, J. In summary the complaint alleges that the plaintiff is a resident of Caldwell County and the defendant is a foreign corporation authorized to and doing the business of writing insurance in the State of North Carolina, including policies insuring against liability for both personal and property damage due to accidents for which its policyholders are liable; that the defendant issued a policy of insurance to W. A. Early purporting to insure the said W. A. Early against damages occasioned by personal injuries and damages to personal property resulting from automobile accident, and while said policy of insurance was in full force and effect the said W. A. Early was involved in an automobile accident in which the plaintiff, his wife, was seriously injured; that subsequent to said accident and subsequent to the defendant's declining to recognize its liability on the said policy, the plaintiff, Jessie C. Early, instituted action against the insured, W. A. Early, to recover damages for the injuries she received in said accident, which action was tried at the May Term, 1943, of Caldwell County, when and where the issues were answered in favor of the plaintiff and against the defendant, and judgment in the sum of $3,000.00 and costs was awarded the plaintiff; that the defendant elected to defend under the terms of its policy the action instituted by the plaintiff, Jessie C. Early, against the insured, W. A. Early, and employed counsel to conduct such defense, who did conduct such defense throughout the trial thereof until after a verdict

adverse to the defendant had been rendered therein, and gave notice of appeal to the Supreme Court of North Carolina; and "that by reason of the defendant Insurance Company having elected to defend the former cause of action that it is now estopped to deny liability on the judgment rendered in said cause of action"; that subsequent to the said trial and subsequent to the appeal entered in said cause by the defendant Insurance Company through the name of its insured, W. A. Early, the defendant Insurance Company abandoned its appeal to the Supreme Court and advised W. A. Early, its insured, that it was disclaiming coverage under its policy, and that he, W. A. Early, might take such steps as he might deem proper; and thereupon the said Insurance Company refused to pay the judgment rendered in favor of the plaintiff, Jessie C. Early, against the insured, W. A. Early; and, further, "that among other provisions contained in said policy there is the following provision contained under Condition 14: 'No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until that amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company. Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the insured' "; that the plaintiff is informed and believes, and therefore alleges, that by reason of her having recovered judgment against the insured, W. A. Early, and the defendant Insurance Company's having refused to pay such judgment, that she is entitled to recover judgment against the defendant Insurance Company in the amount of the judgment recovered by her against the insured, W. A. Early, together with costs.

The defendant Insurance Company demurred to the complaint filed in the cause "for the reason that the complaint does not state or set out a cause of action."

The court sustained the demurrer, dismissed the action and entered judgment accordingly, from which the plaintiff appealed, assigning as the sole error the signing of the order as appears in the record.

It will be noted that the policy of insurance, attached to and made a part of the complaint, issued by the defendant company to W. A. Early, is a contract of indemnity against liability rather than a contract of indemnity against loss, there appearing in the outset of the policy the following clause: "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages."

While the demurrer fails to specify wherein the complaint does not state or set out a cause of action, as by the rules it should, *Elam v. Barnes,* 110 N. C., 73, 14 S. E., 621; C. S., 512 (now G. S., 1-128), still the defendant Insurance Company, appellee, in its brief, contends that the complaint is fatally defective in that it fails to allege that the insured, W. A. Early, had fully complied with all the terms of the policy involved and that the amount of the insured's obligation to pay had been determined by judgment after actual trial or written agreement, which was a condition precedent, under the policy, to the maintenance of any action by a person who has secured such judgment or written agreement —in this case the plaintiff.

The plaintiff, appellant, contends that the defendant Insurance Company by assuming control of the defense of the action by her, Jessie C. Early, against its insured, W. A. Early, as alleged in the complaint, the said defendant waived all conditions or technicalities contained in the policy involved. In other words, it is the contention of the appellant that when the defendant Insurance Company took the defense of the action out of the hands of its insured, W. A. Early, and conducted the defense until an adverse judgment had been rendered against said insured, it thereby became estopped to deny liability upon the policy.

The apposite rule as we gather it from the decisions of various jurisdictions is that an objection that the liability is not one within the terms of the policy may be waived, and where the insurer undertakes the defense of the action by the injured person against the insured, with full information as to the character of the injury, it will be deemed to have waived such objection. *Royle Mining Company v. Fidelity & Casualty Company of New York,* 103 S. W., 1098 (Mo.). The effect of this rule would seem to be that by having elected to defend the action of the plaintiff against its insured the insurer deprived its insured of his right to control his own lawsuit, and thereby assured the insured that the insurer would recognize the liability as falling within the terms of the policy.

According to the allegations of the complaint, the insurer having come in and assumed charge of the defense in the action of the plaintiff and continued in charge of such defense until an adverse judgment was rendered against the insured, and having used the insured as a witness in his own behalf, and there being no suggestion of fraud, conclusion or lack of full knowledge of the facts, the insurer cannot now be heard to deny liability upon the ground of failure on the part of W. A. Early, the insured, in whose shoes the plaintiff now stands, to comply with the conditions precedent in the policy to the right to bring the action, or upon the ground of lack of knowledge of the facts regarding the injury to the plaintiff. Even if the failure of such compliance by the insured or the lack of such knowledge by the insurer would have originally constituted

a defense to the action, such defense was waived by the action of the insurer in assuming the defense of the action brought by the plaintiff against the insured.

This case being before us on an appeal from a judgment sustaining a demurrer, the complaint must be liberally construed to sustain the cause therein alleged, and the contract of insurance involved being prepared by the defendant Insurance Company, it must be construed in the light most favorable to the insured. Construed in the light of these principles, we are constrained to hold that there was error in sustaining the demurrer, and for that reason the judgment of the Superior Court must be

Reversed.