ROBERT J. BAILEY, BY HIS GUARDIAN, FIRST NATIONAL BANK OF CATAWBA COUNTY, INC. v. GENERAL INSURANCE COMPANY OF AMERICA, INC.

(Filed 24 November, 1965.)

1. **Trial §§ 19, 31—**

The sufficiency of the evidence to withstand motion for nonsuit and for a peremptory instruction against the plaintiff presents a question of law for the court.

2. **Insurance § 57—**

Use of a vehicle with the owner's permission within the coverage of a policy of liability insurance may be either express, or implied from the course of conduct between the parties or the relationship between them disclosing acquiescence signifying assent.

**3. Same— Evidence held insufficient to show that driver was operating car with permission of insured.**

Evidence tending to show that insured's daughter drove the family purpose car on a trip to another town, that she then went on another trip with her fiance in his car and while she was gone a mutual friend drove the car to a party and was involved in a wreck causing the injury to plaintiff, that insured had never seen this friend except on one occasion several months prior to the accident when he was a passenger in the vehicle occupied by insured's daughter and driven by her fiance, *held* insufficient to show that the daughter's friend was driving the car with the implied permission of insured within the coverage of the liability policy, and nonsuit was properly entered in an action against insurer after return of execution against the driver unsatisfied.

**4. Same—**

Ordinarily, one permittee within the coverage of a liability policy does not have authority to select another permittee without specific authority from the named insured.

APPEAL by plaintiff from *Riddle, S.J.,* March, 1965 Session, BURKE Superior Court.

The plaintiff, as guardian, instituted this civil action on behalf of its ward, Robert J. Bailey, to recover from the defendant the sum of $10,000.00 allegedly due under the omnibus clause of its liability insurance policy issued to Robert T. Stutts, covering the use of a 1959 Chevrolet automobile registered in his name. By its terms the policy protected not only the named insured, but also: (1) any resident of his household, and (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured.

The evidence disclosed that Frankie Stutts, minor daughter of the named insured, a member of his household, apparently had rather free use of the insured vehicle. On October 22, 1960, she drove the Chevrolet from the home in Gaston County to visit her school mate, Irene McGuirk, in Morganton, Burke County. Dane Hamilton, a friend of Frankie Stutts whom she later married, called for Frankie at the McGuirk home and took her in his automobile to visit his parents in Linville. Frankie left the Chevrolet at the McGuirk home. On similar occasions Miss McGuirk had driven the Chevrolet without obtaining permission from Frankie. On such occasions when the use had been reported to Frankie, she had stated that the use was o.k., provided she had enough gas left to enable her to get back home.

While Frankie Stutts and Hamilton were at Linville, William Harbison, III, in his mother's Plymouth, came to the McGuirk home to call on Irene. The couple decided to attend a party at Lake James. The radio on the Harbison vehicle was not working properly so the

couple decided to drive the Stutts Chevrolet. After attending the party at Lake James and another party at the Hickory Wild Life Club during which drinks were served, the insured vehicle was involved in an accident in which Robert J. Bailey was injured. At the time, Harbison was driving, Miss McGuirk was by his side, and another couple were in the back seat.

Robert J. Bailey instituted a civil action against Harbison and Robert T. Stutts for the recovery of damages resulting from his injuries. By judgment of voluntary nonsuit, the action was dismissed as to Robert T. Stutts. A verdict of $10,000.00 was returned against Harbison. The judgment is unsatisfied. This action was instituted for the purpose of holding the defendant insurance company liable for the judgment upon the ground that Harbison was using the insured automobile with the permission of the named insured, Robert T. Stutts.

The evidence disclosed that the owner, Stutts, had seen Harbison only once before the accident. During the summer preceding the accident, Dane Hamilton, whom Frankie Stutts later married, Miss McGuirk and Harbison left the Stutts home in the insured vehicle for a visit to the beach at Pawley's Island, South Carolina. At the time the party left, Hamilton was driving. Frankie was by his side. Harbison and Irene McGuirk were in the back seat. Mr. Stutts spoke to them as they left. He knew Hamilton, his daughter's friend, and later her husband, was driving. The evidence fails to disclose that he ever saw Harbison on any other occasion, or ever at any time consented for him to drive the insured vehicle or ever knew that he had driven it.

There was evidence, however, that on the way to and from the beach, and while there, Harbison did some of the driving.

At the close of the evidence, Judge Riddle entered judgment of involuntary nonsuit. The plaintiff appealed.

*Byrd, Byrd & Ervin by Robert B. Byrd, John W. Ervin, Jr., for plaintiff appellant.*

*Hollowell & Stott and John H. McMurray by Grady B. Stott, John H. McMurray for defendant appellee.*

HIGGINS, J.  A summary of the evidence presented at the trial is set forth in the statement of facts. When viewed in the light most favorable to the plaintiff, giving him the benefit of all legitimate inferences, and resolving all contradictions and inconsistencies in his favor, if the evidence permits a legitimate inference that at the time

of the accident William Harbison, III, was driving the insured vehicle with the permission of Robert T. Stutts, the named insured, the case should have been submitted to the jury; otherwise nonsuit or a peremptory instruction against the plaintiff was required. The sufficiency of the evidence to withstand motion for nonsuit or for a peremptory instruction against the plaintiff presents a question of law for the court. *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 130 S.E. 2d 281; *Walker v. Story*, 256 N.C. 453, 124 S.E. 2d 113; *Ammons v. Britt*, 256 N.C. 248, 123 S.E. 2d 579.

The owner's permission for the use of the insured vehicle may be expressed or, under certain circumstances, it may be inferred. "Where express permission is relied upon it must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference. On the other hand, implied permission involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent." *Hawley v. Ins. Co.*, 257 N.C. 381, 126 S.E. 2d 161; *Hooper v. Casualty Co.*, 233 N.C. 154, 63 S.E. 2d 128; *Coletrain v. Coletrain*, 238 S.C. 555, 121 S.E. 2d 89. However, the relationship between the owner and the user, such as kinship, social ties, and the purpose of the use, all have bearing on the critical question of the owner's implied permission for the actual use. *Hawley v. Ins. Co., supra; Samuels v. American Auto Ins. Co.*, 150 Fed. 2d 221 (10th Ct.); *Harper v. Hartford Accident & Indemnity Co.*, 111 N.W. 2d 480 (Wis.).

In this case there is no evidence the named insured had ever seen the driver, Harbison, except on one occasion and that was months before the accident. Evidence is lacking that the owner ever permitted Harbison to drive the insured vehicle or had any knowledge that he had ever done so. Actually, there is no evidence the insured's daughter, Frankie, consented for Harbison to operate the vehicle or knew that he was operating it at the time of the accident. There is no evidence she had authority to give her father's permission for Harbison to drive it on the night of the accident. Ordinarily, one permittee does not have authority to select another permittee without specific authorization from the named insured. *Hays v. Country Mutual Ins. Co.*, 192 N.E. 2d 855 (Ill.); *Peterson v. Sunshine Mutual Ins. Co.*, 273 Fed. 2d 53 (8th Ct.); *West v. McNamara*, 111 N.E. 2d 909 (Ohio); *Hamm v. Camerota*, 290 P. 2d 713 (Wash.); 160 A.L.R., p. 1195, *et seq;* 5 A.L.R. 2d 666.

The provisions of the defendant's policy are drawn in conformity with the requirement of G.S. 20-279.21 (b) (2). Thus far the omnibus

clause has been interpreted by this Court according to the "moderate" rule rather than the "hell and high water" rule, as applied in *Parks v. Hall*, 189 La. 849, 181 So. 191; *Coco v. State Farm Mutual Auto Ins. Co.*, 136 So. 2d 288 (La.) ; and recommended in 41 N.C. Law Review 232, *et seq*.

The plaintiff's evidence fails to show his injury is covered by the defendant's policy. Failure to show coverage requires nonsuit. *Kirk v. Ins. Co.*, 254 N.C. 651, 119 S.E. 2d 645; *Slaughter v. Ins. Co.*, 250 N.C. 265, 108 S.E. 2d 438; *Fallins v. Ins. Co.*, 247 N.C. 72, 100 S.E. 2d 214.

The judgment entered in the Superior Court of Burke County is Affirmed.