JUAN F. TORRES (LOUISA M. TORRES), v. MICHAEL ZEB SMITH, A MINOR, BY HIS GUARDIAN AD LITEM, EARL J. FOWLER, AND ELIZABETH A. LOWRY.

(Filed 1 March, 1967.)

**1. Automobiles § 54a—**

A person authorized by the owner to drive a vehicle does not have authority to permit another to drive the vehicle in the absence of express or implied authority by the owner.

**2. Automobiles § 54f— Evidence held to require peremptory instruction to answer issue of agency in the negative.**

The evidence tended to show that the owner of a vehicle authorized her son to drive it to a filling station for further repairs, that the son transported a filling station employee from the filling station to the son's place of work and permitted the employee to drive the vehicle back to the filling station, and that the accident in suit occurred while the employee was thus driving the vehicle. There was no evidence that the owner

authorized the son to permit any other person to drive the vehicle. *Held:* While under G.S. 20-71.1 the issue of agency is properly submitted to the jury, the uncontradicted evidence requires the court to peremptorily instruct the jury to answer the issue of agency in the negative if they found the facts to be as all of the evidence tended to show, and a peremptory instruction to answer the issue in the negative if the jury should find that the employee was, at the time of the collision, on a mission of his own or on a mission for the service station, is insufficient, since such instruction relates to the liability of the principal for an agent's driving and does not present the owner's contention of want of agency.

APPEAL by defendant Elizabeth A. Lowry from *Martin, S.J.,* November, 1966 Civil "A" Session, BUNCOMBE Superior Court.

Each of the plaintiffs instituted a civil action against Michael Zeb Smith, driver, and Elizabeth A. Lowry, owner of a 1955 Ford which collided with a 1963 Dodge owned by the plaintiff, Juan F. Torres. Both Mr. and Mrs. Torres were injured. The accident occurred on Tunnel Road in Asheville.

The evidence disclosed that prior to the accident, Tunnel Road Atlantic Service Station had installed a new clutch and had returned the vehicle to Mrs. Lowry. The clutch did not function properly. Mrs. Lowry instructed her minor son William Lowry, a licensed driver, to return the vehicle to the Atlantic Station for further work on the clutch. William Lowry and his sister, Mrs. Owenby, worked at Holiday Inn, one-half mile from the service station. In obedience to his mother's instructions, the son, with his sister in the vehicle, proceeded to the Atlantic Station and called for Mr. Jones, who was not then at the station. Michael Zeb Smith, age 16, was a part-time employee of the station. He told Lowry that he helped Jones install the clutch and knew how to repair it. Lowry and his sister were due at the Inn for work. Arrangements appear to have been made for Smith and his friend, James Bailey, to go with Lowry and his sister to the Holiday Inn, leave them and take the Ford back for the repairs. Smith had a permit but did not have an operator's license. Bailey was a licensed driver. On the way back to the station the accident occurred. Smith was driving.

The record is silent as to whether the appellant's son turned the vehicle over to Bailey, a licensed driver, or Smith, who had only a permit to drive. However, Smith drove the vehicle from the Holiday Inn and as he attempted to enter Tunnel Road he had a collision with the Torres automobile. Both the owner and his wife sustained injuries.

The appellant filed an answer stating she had never seen nor known Michael Zeb Smith, the co-defendant. She denied she had authorized him to operate her vehicle or that she had authorized any-

one to give him such authority. She so testified, as did her son and daughter. Smith testified he did not know Mrs. Lowry.

The Court submitted the following issues:

"1. Was the plaintiff injured and damaged by the negligence of Michael Zeb Smith, as alleged in the complaint? ANSWER: YES

2. What amount, if any, is the plaintiff entitled to recover for damages to his automobile? ANSWER: $800.00

3. What damages, if any, is the plaintiff entitled to recover for personal injuries? ANSWER: $10,000.00

4. Was Michael Zeb Smith the agent, servant and employee of Elizabeth A. Lowry and about her business and within the course and scope of his employment for her at the time of the collision, as alleged in the complaint? ANSWER: YES."

Issues one, three and four were submitted in the companion case instituted against the same parties by Mrs. Juan F. Torres. The cases were consolidated and tried together. In the second case, the jury answered the issues in favor of Mrs. Torres and awarded her $2,000 for personal injuries.

From judgments entered in favor of the plaintiffs in accordance with the jury's findings, Mrs. Lowry excepted and appealed.

*Meekins and Roberts by Landon Roberts for defendant appellant.*

*Loftin & Loftin by E. L. Loftin for plaintiff appellee.*

HIGGINS, J. The appellant, Mrs Lowry, challenges the verdicts and judgments against her upon these grounds: (1) all the evidence is to the effect that co-defendant Smith was operating the Ford automobile without the knowledge, consent or permission and against the wishes of the appellant; (2) and if a showing that she was the owner makes out a *prima facie* case under G.S. 20-71.1, nevertheless all the evidence being to the contrary, the trial judge should have entered judgment of nonsuit or should have given the jury a peremptory instruction to answer the issues "No"; (3) if the Court's charge amounts to a peremptory instruction, the same is so restricted as to dilute, minimize and destroy its full benefit.

The critical issues in the cases are not unlike those involved in *Whiteside v. McCarson*, 250 N.C. 673, 110 S.E. 2d 295. The record fails to disclose evidentiary facts sufficient to make out a case of liability against the owner of the vehicle under the doctrine *respondeat superior*. But for G.S. 20-71.1, compulsory nonsuit for lack of evidence would be required. Upon a showing of ownership, the

artificial force of the *prima facie* rule under the above Section seems to permit a finding of agency. *Electric Corporation v. Aero Company,* 263 N.C. 437, 139 S.E. 2d 682. The plaintiffs' evidence does not negate agency. Hence, the statute is sufficient to repel the motion for nonsuit. *Dellinger v. Bridges,* 259 N.C. 90, 130 S.E. 2d 19; *Insurance Company v. Motors,* 240 N.C. 183, 81 S.E. 2d 416.

The evidence disclosed that the appellant did not know defendant Smith. She did not consent for him to drive her vehicle. She did not authorize her minor son or anyone else to consent for her. "Ordinarily one permittee does not have authority to select another permittee without specific authorization * * *", *Bailey v. Insurance Company,* 265 N.C. 675, 144 S.E. 2d 898; 5 A.L.R. 2d 566; 160 A.L.R. 1195, *et seq.* The evidence is to the effect the owner gave directions to her son to take the vehicle to the Atlantic Station for the repairs she had discussed with owner Jones. The son obeyed the instructions, took the vehicle to the garage for the repairs; Mr. Jones was not present and Smith said that Jones was in town and that he, Smith, had helped put in the clutch and knew how to repair it.

Smith stated he had only a permit and not an operator's license but that Bailey, his friend, had a driver's license and would help him return the Ford to the garage. Thereafter, the owner's son, with his sister, co-defendant Smith and Smith's friend Bailey in the vehicle, drove to the Holiday Inn. Thereafter, Smith took over and was on his way back to the garage when the accident occurred. Smith was operating the vehicle without authority of the owner who had not authorized her son or anyone else to turn her vehicle over to Smith, an unlicensed driver.

The evidence entitled the appellant to the peremptory instruction which this Court said should have been given in the *Whiteside* case, "to answer the agency issue, 'No,' if they find the facts to be as the evidence in behalf of the defendant-owner tends to show."

The Court actually charged:

> "The presumption which is raised by this statute is subject to being rebutted and set aside by other evidence in the case, and with respect to that, members of the jury, I will instruct you that if you believe the evidence in this case produced by the defendants, and find the facts to be as that evidence tends to show, that is that the defendant Smith was at the time of the collision on a mission of his own, or for the Clifford Jones Atlantic Service Station, then it would be your duty to answer that fourth issue No, and in the other case the third issue No."

The Court instructed the jury that if the defendant Smith was at the time of the collision on a mission of his own or for Clifford Jones Atlantic Service Station, then it would be the jury's duty to answer the fourth issue No (in Mr. Torres' case) and the third issue No (in Mrs. Torres' case). The vice in the instruction is the limitation which requires a "No" answer only upon the basis of a finding that Smith was on a mission of his own or on a mission for the Atlantic Service Station. The appellant's contention all along had been that she did not know Smith, she did not authorize him or delegate the authority to anyone to authorize him to operate her vehicle for himself, for the Atlantic Service Station, or for any other purpose. Any use he made of her vehicle was without her knowledge, consent or authority. From the charge as given, the jury may well have concluded that the agency of Smith to drive the Ford was established. Hence the appellant could be relieved of responsibility for his negligence only by a finding he was on a mission of his own or for Jones Atlantic Service Station. Such is the rule of liability for an agent. Here appellant denies the agency, and all the evidence except this statute supports her contention.

The Court should have charged the jury to answer the issue "No" if they found the facts to be as the evidence in behalf of the defendant owner tended to show, *Whiteside v. McCarson, supra.* The peremptory instruction actually given denied the appellant the full benefit of her testimony. This error entitles appellant to a

New trial.