EUGENE F. RHINER v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a CORPORATION.

(Filed 2 February, 1968.)

**1. Insurance § 57—**

In this State coverage of a driver under the "omnibus clause" in an automobile liability policy extends only to use of an automobile by the driver with the express or implied permission of the owner, and while a slight deviation from the permission given is not sufficient to exclude the driver from coverage, a material deviation is a use without permission.

**2. Same—**

Evidence that the owner of an automobile agreed to allow the bailee to use his automobile to go to a store less than ten blocks away, that the bailee was instructed to return and bring the owner a bottle of liquor, but that the bailee left the city and drove a distance of some twenty miles where he was involved in an accident some two hours later, *held* insufficient to show that the use of the automobile was with the permission, express or implied, of the owner.

APPEAL by plaintiff from *Mallard, J.*, June 1967 Civil Session of HARNETT.

Civil action to recover the amount of $10,000.00 fixed by judgment for personal injuries sustained by plaintiff on 3 January 1964.

In a prior action, plaintiff recovered judgment against Jack H.

Thompson, Jr., for injuries sustained in an automobile collision. That judgment remains unsatisfied. The automobile driven by Thompson at the time of the collision was owned by Dennis Earl Dickerson and was insured by State Farm Mutual Automobile Insurance Company. Plaintiff brings the present action to recover the amount of the judgment from the insurance company under the terms of the omnibus clause in the insurance contract issued to Dickerson, which provided:

> "Persons Insured. The following are insureds under Part 1:
> (A)   With respect to the owned automobile,
>> (1) · the named insured and any resident of the ·same household,
>> (2)   any other person using such automobile, provided the ·actual use thereof 'is ·with the permission of the named insured; . . ."

Plaintiff's evidence tended to show that Thompson and Dickerson had worked together and had roomed together in Raleigh, N. C. The evidence, when taken in the light most favorable to plaintiff, tends to show that Thompson had been seen operating Dickerson's automobile on as many as four different occasions, on some of which Dickerson was not present in ·the car. Thompson's deposition relating to his use of Dickerson's car on the night of the accident contained the following:

> "Well, at first I asked him to take me up town to the Market House to pick up 'my clothes; but he said, 'No; I'm not going. . . . You take the .car and go up there if you want to, . . . I want you to be careful and come back and bring me a bottle of liquor.'"

Thompson further stated in his deposition that the Market House was less than ten blocks from where he and Dickerson roomed; that he left in the car about 8:45 P.M. and was involved in the collision with plaintiff on N. C. Highway 55 about one mile north of the Harnett-Wake County Line at about 10:30 P.M. He stated that he had driven Dickerson's car only twice prior to that night.

At the conclusion of plaintiff's evidence, defendant's motion for judgment as of nonsuit was allowed.

Plaintiff appealed.

*Everett L. Doffermyre and James F. Penny for plaintiff.*
*Smith,. Leach, Anderson & Dorsett for defendant.*

PER CURIAM. The case of *Hawley v. Insurance Co.*, 257 N.C. 381, 126 S.E. 2d 161, contains a full discussion of the rules governing permission which will effectuate coverage under the usual omnibus clauses in liability insurance policies. This jurisdiction has thus far adopted the moderate or "minor deviation" rule, *i.e.*, "A material deviation from the permission given constitutes a use without permission, but a slight deviation is not sufficient to exclude the employee from the coverage under the omnibus clause." This permission may be either express or implied. *Hawley v. Insurance Co.*, *supra*.

In the case of *Bailey v. Insurance Co.*, 265 N.C. 675, 144 S.E. 2d 898, the Court in considering permission as used in an omnibus clause of a liability insurance policy, stated:

> " 'Where express permission is relied upon it must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference. On the other hand, implied permission involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent.' *Hawley v. Ins. Co.*, 257 N.C. 381, 126 S.E. 2d 161."

The evidence in this case shows that the owner of the automobile agreed that Thompson should use his vehicle for the purpose of going to the Market House in the City of Raleigh, located less than ten city blocks away, to pick up some clothes. The owner further stated: "I want you to be careful and come back and bring me a bottle of liquor." Whereupon, the driver left the City of Raleigh and proceeded to drive a distance of approximately twenty miles, where he was involved, about two hours later, in the wreck complained of. Considering these facts under the express permission rule, the evidence shows a major deviation from the express permitted use.

However, appellant contends that because of the social relationship and the showing that Thompson had driven the automobile on three or four other occasions, an inference was raised sufficient to show a course of conduct resulting in an implied permission.

Plaintiff's theory of implied permission is strongly negated by the fact that all the evidence shows Thompson had use of the automobile by virtue of a restricted express permission, and when all the evidence is considered in the light most favorable to the plaintiff, we do not think the evidence shows a course of conduct sufficient to show permissive use by the owner at the time of the accident.

We hold that Thompson's use of the automobile was without the

permission of the owner. Thus, plaintiff's injury is not covered by defendant's policy, and the trial judge correctly allowed defendant's motion for judgment as of nonsuit.

Affirmed.