NATIONWIDE MUTUAL INSURANCE COMPANY, PLAINTIFF, v. AETNA
CASUALTY AND SURETY COMPANY; PENNSYLVANIA NATIONAL
MUTUAL CASUALTY COMPANY; BILLY RAY CHAMBERS; ETHEL
E. PARRISH; JUDITH A. SMITH, A MINOR; BONNELL S. SMITH;
RACHEL FULK WOOD; LARRY A. WOOD, A MINOR; AND TERRY
WOOD, DEFENDANTS.

(Filed 21 February, 1968.)

1. **Appeal and Error § 6—**

An order allowing a motion to strike an answer in its entirety on the
ground that the facts alleged therein do not constitute a legal defense is
in effect an order sustaining a demurrer and is immediately appealable.
Rule of Practice in the Court of Appeals No. 4(a).

2. **Declaratory Judgment Act § 1—**

The liability of an insurance company under its policy of insurance is
a proper subject for a declaratory judgment proceeding when a genuine
controversy exists.

3. **Insurance §§ 99, 100—**

The settlement by a liability insurer of certain claims arising out of an
automobile accident does not waive insurer's defense of noncoverage as to
other claims when the insurer's settlement worked no detriment to its in-
sured or to others having rights under the policy.

4. **Compromise and Settlement § 1—**

The law favors the settlement of controversies out of court.

5. **Pleadings § 34—**

Allegations in the answer setting up matter ineffectual as a defense are
properly stricken.

APPEAL by defendants, Pennsylvania National Mutual Casualty
Company, Ethel E. Parrish, Bonnell S. Smith, and Judith A. Smith,
from *Crissman, J.,* at the 11 September 1967 Civil Session of the Su-
perior Court of GUILFORD County, High Point Division.

Plaintiff's complaint filed 11 May 1967 for a declaratory judg-
ment alleged:

On 31 July 1965 the defendant, Terry Wood, was the owner of a
Chevrolet Corvair automobile on which plaintiff had in effect its
automobile liability insurance policy issued to Rachel Fulk Wood
and Terry Lee Wood. On that date the Corvair was being operated
by the defendant, Billy Ray Chambers, when it was involved in an
accident in the City of Winston-Salem with a Plymouth station
wagon, owned and operated by the defendant, Bonnell S. Smith. At
the time of the accident the defendant, Billy Ray Chambers, was op-
erating the Corvair automobile without the knowledge or permission
of Terry Lee Wood, or his brother, Larry A. Wood, and in violation
of an express prohibition by Larry A. Wood. The defendant, Penn-

sylvania National Mutual Casualty Company, had in effect on that date its automobile liability insurance policy affording uninsured motorist coverage to occupants of the Plymouth station wagon owned by Bonnell S. Smith. Bonnell S. Smith, Ethel E. Parrish, and Judith A. Smith, occupants of the Plymouth station wagon, brought actions for personal injuries against Billy Ray Chambers in the Superior Court of Guilford County, and plaintiff has been called upon to defend Billy Ray Chambers in these actions by virtue of its policy of insurance issued to Rachel Fulk Wood and Terry Lee Wood. Plaintiff has denied coverage and is defending Billy Ray Chambers under a full reservation of rights and denial of coverage. Plaintiff further alleged that the defendant, Billy Ray Chambers, was insured under a policy of automobile liability insurance issued by the defendant, Aetna Casualty and Surety Company, to his father, and that said policy provides sole coverage to all claims arising out of said accident. In the alternative plaintiff alleged that if coverage is not afforded under the policy of Aetna Casualty and Surety Company, then Billy Ray Chambers was uninsured at the time of the accident and the uninsured motorist coverage of the policy issued by the defendant, Pennsylvania National Mutual Casualty Company, to Bonnell S. Smith affords coverage to all claims arising out of said accident. Plaintiff asks for a declaratory judgment adjudicating that it has no coverage for, or obligation to defend, Billy Ray Chambers as to claims arising out of said accident, and that either the defendant, Aetna Casualty and Surety Company, under its policy issued to Chambers' father, or Pennsylvania National Mutual Casualty Company, under its policy of uninsured motorist insurance, afford coverage to all such claims.

The defendant, Pennsylvania National Mutual Casualty Company and the defendants, Ethel E. Parrish, Bonnell S. Smith, and Judith A. Smith, filed separate answers denying the material allegations in the complaint relative to the nonpermissive use by Chambers of the Corvair automobile owned by the Woods, and alleging, by way of further answer, the following:

After the accident of 31 July 1965 the plaintiff, through its adjusters and agents, conducted an investigation of the accident and the coverage available to its insureds and persons injured and damaged in the collision. After making such investigation, the plaintiff, under the coverage of its insurance policy, on 31 August 1965 settled the personal injury claim of one Kenneth W. Porter, a passenger in the Corvair at the time of the accident, by paying to Porter the sum of $21.00 and taking a release from Porter releasing Rachel Fulk Wood, Billy Ray Chambers, and any and all other persons, firms,

and corporations, whether named in the release or not, from any further liability as a result of the accident. The plaintiff also under the coverage of its insurance policy, on 8 November 1965 settled the property damage claim of Bonnell S. Smith, owner of the Plymouth station wagon, by paying to Bonnell S. Smith the sum of $572.59 for damages to Smith's automobile and taking a release from Bonnell S. Smith releasing Rachel Fulk Wood and Billy Chambers, and any and all other persons, firms, and corporations, whether named in the release or not, from any further liability as a result of damages to the Smith automobile.

The defendants in their further answers further alleged that the plaintiff, by investigating the collision with respect to liability and with respect to its insurance policy coverage and by subsequently accepting coverage by taking the stated releases from the claimants, Porter and Bonnell S. Smith, waived any rights which it might have had to deny coverage to its insureds or to any claimants in the action as a result of the automobile accident which occurred on 31 July 1965, and defendants contend that this waiver on the part of the plaintiff now estops the plaintiff from denying its coverage to all such insureds, claimants, and defendants in this action, and estops the plaintiff to deny its policy holders, the owner or owners of the Chevrolet Corvair automobile, and the person driving said automobile, the right to a defense under its policy. The answering defendants pled such estoppel in bar of any affirmative relief requested in the complaint, and asked the court to declare judgment to the effect that the plaintiff's policy covers the accident of 31 July 1965 as to its insureds and all claims involved in the accident.

Plaintiff filed motions to strike such further answers and defenses and the trial court allowed plaintiff's motions. The defendants, Pennsylvania National Mutual Casualty Company, Ethel E. Parrish, Bonnell S. Smith, and Judith A. Smith, appealed.

*Bencini & Wyatt for defendant appellants, Ethel E. Parrish, Judith A. Smith and Bonnell S. Smith.*

*Jordan, Wright, Henson & Nichols for defendant appellant, Pennsylvania National Mutual Casualty Company.*

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson for plaintiff appellee.*

PARKER, J. Ordinarily, the Court of Appeals will not entertain an appeal from an order striking or denying a motion to strike allegations contained in pleadings. Rule 4(b); Rules of Practice in the Court of Appeals. In this case, however, the plaintiff's motions to

strike are addressed to each further answer and defense in its entirety on the grounds that the facts alleged therein do not constitute a legal defense. The plaintiff's motions are, therefore, in substance demurrers to the further answers in their entirety and will be so considered. *Jewell v. Price*, 259 N.C. 345, 130 S.E. 2d 668 (1963); *Mercer v. Hilliard*, 249 N.C. 725, 107 S.E. 2d 554 (1959). The trial court's order was thus in effect an order sustaining a demurrer and defendants may immediately appeal therefrom. Rule 4(a) of the Rules of Practice in the Court of Appeals, when otherwise applicable, limits the right of immediate appeal only in instances where the demurrer is overruled and not where, as here, the demurrer is sustained.

Questions involving the liability of an insurance company under its policy, in cases where a genuine controversy exists, are a proper subject for a declaratory judgment. *Nationwide Mutual Insurance Company v. Roberts*, 261 N.C. 285, 134 S.E. 2d 654 (1964). The case before us does present such a controversy and determination of the controversy by a declaratory judgment is, therefore, proper.

Plaintiff alleged in its complaint that Chambers, the driver of the Corvair automobile as to which plaintiff had issued its liability insurance policy, was operating such car at the time of the accident without the knowledge or permission of the insured owner. See, *Torres v. Smith*, 269 N.C. 546, 153 S.E. 2d 129 (1967); *Bailey v. General Insurance Company of America*, 265 N.C. 675, 144 S.E. 2d 898 (1965). The defendants in their answers have denied plaintiff's allegations as to the nonpermissive use by Chambers and that issue is not presently before us.

The defendants appellants alleged in their further answers and defenses facts relating to the conduct of the plaintiff in settling certain claims arising from the accident, and contend that the plaintiff, by such conduct, waived any rights which it may have had to deny coverage under its policy and thereby became estopped from doing so. The trial court allowed plaintiff's motions to strike these allegations. Taking the facts alleged in the further answers to be true, as we must for purposes of testing the correctness of the trial court's action, the only matter now before us for decision is whether or not such facts establish any affirmative defense to the judgment being sought by the plaintiff in this action. If they do, the motions should have been disallowed. If they do not, the further answers were properly stricken.

At the outset it should be observed that the present appeal does not present any controversy between an insurance company and its named insured. Plaintiff simply seeks to obtain a judicial determination on the question of the nature of the use, whether permissive

or nonpermissive, which was being made by the driver of its named insured's automobile at the time it became involved in the accident. The defendants appellants, who were occupants of the other automobile and an insurance carrier for one of them, contend that plaintiff became estopped as to them to raise the question of nonpermissive use of its insured's automobile because plaintiff had effected settlement of the two claims with Porter and Smith.

Nothing prevents a liability insurer from waiving a defense that a particular liability is not within the coverage of its policy. Indeed, the insurer waives this defense as to a particular claim under its policy, just as it waives all other defenses, when it makes settlement of that claim. But such a waiver does not in all circumstances and by itself automatically and necessarily preclude the insurer from thereafter asserting the objection of noncoverage. Estoppel to assert noncoverage occurs when the insurer's action results in some detriment to the insured or to someone else having rights under the policy. Such a detriment and the resulting estoppel are found in cases in which the insurer, having knowledge of facts which would result in noncoverage, nevertheless assumes and conducts the defense of an action brought against its insured, such cases finding the elements of an estoppel in the fact that the insurer's action in actively conducting the defense has deprived its insured of his right to control his own lawsuit. Such a case was presented in *Early v. Farm Bureau Mutual Automobile Insurance Company*, 224 N.C. 172, 29 S.E. 2d 558 (1944), in which the court said (page 174):

> "The apposite rule as we gather it from the decisions of various jurisdictions is that an objection that the liability is not one within the terms of the policy may be waived, and where the insurer undertakes the defense of the action by the injured person against the insured, with full information as to the character of the injury, it will be deemed to have waived such objection. *Royle Mining Company v. Fidelity & Casualty Company of New York*, 103 S.W. 1098 (Mo.). The effect of this rule would seem to be that by having elected to defend the action of the plaintiff against its insured the insurer deprived its insured of his right to control his own lawsuit, and thereby assured the insured that the insurer would recognize the liability as falling within the terms of the policy."

Other cases illustrative of the principle involved may be found in Annotations in 81 A.L.R. 1326 and in 38 A.L.R. 2d 1148. Even in such cases, however, the insurer will not be held estopped if it defends under a full reservation of its right to deny coverage, *Shearin*

*v. Globe Indemnity Company*, 267 N.C. 505, 148 S.E. 2d 560 (1966); or if it gives timely notice to its insured of reservation of its right to assert the defense of noncoverage, *Jamestown Mutual Insurance Company v. Nationwide Mutual Insurance Company*, 266 N.C. 430, 146 S.E. 2d 410 (1965).

In the case before us plaintiff insurer has denied coverage under its policy to the driver of its named insured's automobile and is defending the pending actions brought in the Superior Court of Guilford County under a full reservation of rights and denial of coverage. The defendants by their further answers seek to assert, however, that plaintiff became estopped from denying coverage under its policy by its prior actions in making out-of-court settlements of two claims. But plaintiff's actions in making these settlements worked no detriment to its insured or to anyone else who might acquire rights under its policy. No suit to recover damages has been brought against plaintiff's named insured, and should any such suit be brought nothing which plaintiff has done in making the settlements with Porter and with Smith would in any way prejudice its insured in conducting a defense. On the contrary, to the extent such settlements may have absolved the plaintiff's insured from any liability to Porter and to Smith, the insured would have reason to be well pleased. Therefore such settlements could not work an estoppel to prevent plaintiff from later asserting the defense of noncoverage even as against its named insured. Still less is plaintiff estopped as against the defendants presently seeking to assert the estoppel. One of these, Bonnell S. Smith, even benefited directly when plaintiff settled Smith's claim for damages to his automobile. Another, the defendant insurance company, may have benefited indirectly in having its potential liability reduced.

"The law favors the settlement of controversies out of court." *Penn Dixie Lines, Inc. v. Grannick*, 238 N.C. 552, 78 S.E. 2d 410 (1953). A liability insurance carrier which acts in conformity with this sound policy of the law by settling certain claims does not thereby in all circumstances automatically and irrevocably waive its defenses as to other claims. The settlements made by plaintiff in this case caused no detriment to anyone except possibly to plaintiff itself. No one else having present or potential future rights under plaintiff's policy was thereby induced to change any position or to surrender any rights to his detriment. An essential element of an estoppel is here lacking.

The cases cited and relied on by defendants in support of their contention that plaintiff, by making the settlements with Porter and Smith, became estopped as to the defendants to raise the question

of the nonpermissive use of plaintiff's insured's automobile are not apposite.

Since the facts alleged in the further answers do not establish any defense, there was no error in the trial court's order that they be stricken, and the trial court's order is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.