JASPER PHILLIPS v. UTICA MUTUAL INSURANCE COMPANY

No. 693SC26

(Filed 28 May 1969)

1. **Automobiles § 105— registration as evidence of ownership and responsibility**

   G.S. 20-71.1 applies only when plaintiff, upon sufficient allegations, seeks to hold the owner liable for the negligence of a non-owner operator under the doctrine of *respondeat superior*.

2. **Insurance § 88— suit upon garage liability policy — sufficiency of evidence**

   In an action by an injured third party against an insurer under a garage liability policy after recovery of an unsatisfied judgment for personal injuries against the operator and the purchaser of the vehicle, defendant's motion for nonsuit is properly allowed where plaintiff's evidence fails to show that the vehicle was covered by the garage liability policy issued by defendant on the date of the accident.

APPEAL by plaintiff from *Cohoon, J.,* 23 September 1968 Session, Superior Court of PITT.

Plaintiff, in a former action, had obtained a judgment against John Henry Green and George Cates for damages for personal in-

juries sustained by him as the result of the negligent operation of an automobile operated by Cates with the permission of and under the control and supervision of Green. Execution had been issued and returned unsatisfied and no part of the judgment had been paid. This suit was instituted to recover on that judgment. Plaintiff alleges that defendant issued its policy of insurance to Elliott Chevrolet Company, Inc.; that the vehicle being operated by Cates with the permission of Green was covered by the policy; that the policy was in full force and effect on the date of the collision, to wit: 18 August 1963; and that defendant had denied liability and refused to pay the amount of the judgment. Defendant answered, admitting the issuance of the policy and the existence of the unsatisfied judgment but denying coverage and liability. By way of further answer and defense, defendant alleged that Elliott Chevrolet Company, on 12 August 1963, sold the car to Green and delivered possession thereof to him; that no agency existed between Elliott Chevrolet Company and Green and no permission was ever given, either expressly or impliedly, by Elliott Chevrolet for Cates to use or operate said car.

At trial, plaintiff introduced into evidence the judgment, execution, copy of the insurance policy, and certified record of Department of Motor Vehicles showing transfer of titles to said car by Elliott Chevrolet Company to John Henry Green on 26 August 1963.

Defendant's motion for judgment as of involuntary nonsuit was allowed and plaintiff appealed.

*Gaylord and Singleton by A. Louis Singleton for plaintiff appellant.*

*James, Speight, Watson and Brewer by W. W. Speight for defendant appellee.*

MORRIS, J.

Appellant contends that the motion for judgment as of nonsuit should not have been granted for that the application of G.S. 20-71.1 required submission of the case to the jury.

G.S. 20-71.1 reads as follows:

*"Registration evidence of ownership; ownership evidence of defendant's responsibility for conduct of operation.* — (a) In all actions to recover damages for injury to the person or to property or for the death of a person, arising out of an accident or collision involving a motor vehicle, proof of ownership of such motor vehicle at the time of such accident or collision shall be

prima facie evidence that said motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose.

(b)   Proof of the registration of a motor vehicle in the name of any person, firm, or corporation, shall for the purpose of any such action, be prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment."

[1]   This statute applies when plaintiff, upon sufficient allegations, seeks to hold the owner liable for the negligence of a non-owner operator under the doctrine of *respondeat superior*. Chief Justice Barnhill, speaking for the Court in *Roberts v. Hill,* 240 N.C. 373, 82 S.E. 2d 373, said:

"A careful consideration of the original Act, ch. 494, S.L. 1951 (of which G.S. 20-71.1 is a codification), including its caption, leads us to the conclusion that it was designed and intended to apply, and does apply, only in those cases where the plaintiff seeks to hold an owner liable for the negligence of a non-owner operator under the doctrine of *respondeat superior*. 'Its purpose is to establish a ready means of proving agency in any case where it is charged that the negligence of a nonowner operator causes damage to the property or injury to the person of another. *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309. *It does not and was not intended to have any other force or effect.' Hartley v. Smith,* 239 N.C. 170. (Emphasis added.) This language appearing in the *Hartley case* was used advisedly. We adhere to what is there said."

In this action the complaint contains no allegations of agency or *respondeat superior*. The suit is not against the insured, Elliott Chevrolet Company, but against the insurer. The complaint simply alleges that the car was insured under a policy issued by defendant to Elliott Chevrolet Company and was being driven by one Cates with the permission of and under the control and supervision of John Henry Green. There is no allegation that the automobile was owned by Elliott Chevrolet or anyone else.

The policy of insurance, introduced into evidence by plaintiff, under which plaintiff contends defendant is liable is a garage liability policy. It does not list or describe any specific automobile. It covers,

under AUTOMOBILE HAZARDS: "1. . . . (a) The ownership, maintenance or use of any automobile for the purpose of garage operations, and the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the named insured and used principally in garage operations," and under PERSONS INSURED: "(3) . . . (a) any person while using, with the permission of the named insured, an automobile to which the insurance applies under paragraph 1(a) or 2 of the Automobile Hazards, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission." The policy further provides under the same section: "None of the following is an insured: . . . '(iii) any person or organization other than the named insured with respect to any automobile . . . possession of which has been transferred to another by the named insured pursuant to an agreement of sale;".

**[2]** Plaintiff's evidence fails to show that the injuries received for which he recovered judgment are covered by defendant's policy. Failure to show coverage requires nonsuit. *Bailey v. Insurance Co.*, 265 N.C. 675, 144 S.E. 2d 898, and cases there cited.

The judgment entered in the Superior Court of Pitt County is Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.