IOWA NATIONAL MUTUAL INSURANCE COMPANY v. EDNA CHRISTINE BROUGHTON; CARL W. BROUGHTON; JOHNNY LEE BROUGHTON, A Minor; KENNETH ELMOND STONE; MARGARET STONE; RANDY STONE, A Minor; FRED DOUGLAS VAN HOOK, JR., A Minor; AND ELIJAH Z. MASSEY

No. 25

(Filed 9 May 1973)

1. **Insurance § 87— lessor of vehicle insured — lessee insured — unauthorized third person not insured**

Where insured owner (Budget Rent A Car) surrendered possession of its vehicle to one Carraway on written condition that Carraway not permit possession to pass to a person under 21 years of age or to an unlicensed driver, the owner obligated itself to be responsible for Carraway's negligence but Carraway could not, in violation of his own agreement, make the owner responsible for the negligence of one Massey, a 19-year-old to whom Carraway surrendered the vehicle; therefore, defendants who were injured in a collision with the insured's vehicle driven by Massey could not recover under the insurance policy issued to the owner of the vehicle.

2. **Insurance § 87— automobile insurance — drivers insured — owner's permission to drive lacking — no coverage**

Where insured owner rented its vehicle to one Carraway on condition that Carraway not permit possession to pass to a person under 21 years of age, G.S. 20-279.21 would not extend insurance coverage to one Massey, a 19-year-old to whom Carraway surrendered the vehicle, since that statute does not provide for owner's liability until lawful possession is first established, and such possession was not established in this case as, ordinarily, one permittee does not have authority to select another permittee without specific authorization from the named insured.

3. **Insurance § 87— automobile insurance — no coverage of driver**

G.S. 20-281 did not extend insurance coverage to the driver of a rented vehicle where there was neither evidence nor a finding that the driver at any time was a rentee or a lessee or an agent or employee of the owner of the vehicle.

Justice BRANCH concurring in result.

APPEAL by defendants from *Seay, J.,* October 23, 1972 Civil Session, GUILFORD Superior Court. On petition of all parties,

this Court ordered the cause certified here for review prior to determination in the Court of Appeals.

The plaintiff, Iowa National Mutual Insurance Company, instituted this civil action pursuant to the provisions of the Uniform Declaratory Judgment Act for the purpose of having the court determine the legal question whether the plaintiff's automobile insurance policy issued to Bobby Murray Leasing, Inc., doing business as Budget Rent A Car, afforded coverage for injuries to defendants resulting from an accident which occurred on June 6, 1971, while Elijah Z. Massey was operating the insured vehicle.

All parties, by stipulation, waived a jury trial, consented that the judge without a jury hear the evidence, find facts and render judgment. The parties filed a written stipulation of facts which the court adopted as its findings.

According to the stipulation, the plaintiff, Iowa National Mutual Insurance Company, on April 8, 1971, issued to Budget Rent A Car a policy of automobile accident insurance No. FCA 10-389-011 providing that the plaintiff will pay "all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident and arising out of the . . . use of the automobile." The policy contained this definition of the insured: "(a) [T]he unqualified word 'insured' includes the named insured . . . and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured . . . or with the permission of [the named insured]." Bobby Murray Leasing, Inc., doing business as Budget Rent A Car, was the owner and the only named insured.

On June 6, 1971, the named insured, by written agreement, rented the insured automobile (a 1971 Chevrolet, License No. 1666-C) to Victor Barlow Carraway, a qualified licensed driver who agreed to be bound by all provisions of the lease. The lease contained the following: "NOTICE ALL AUTHORIZED DRIVERS MUST BE 21 OR OLDER & LICENSED. . . . 4. The operation, use, or driving of vehicle is prohibited, and Renter [Carraway] agrees that vehicle shall not be used, operated or driven: . . . (f) By any person except Renter, an Additional Driver shown on the reverse side hereof, or if a qualified licensed driver over the age of 21, and provided Renter's permission be first obtained. . . ."

The policy contained the following:

"III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured . . . and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured . . . or with the permission of [the named insured]."

The parties further stipulated on June 6, 1971, Victor Barlow Carraway after signing the rental contract with Budget Rent A Car took possession of the rented vehicle.

". . . Thereafter, he stopped at a service station some distance down the highway and away from the business premises of Budget Rent A Car, and relinquished the custody, control and operation of the rented 1971 Chevrolet automobile to the defendant Elijah Z. Massey. Victor Barlow Carraway then proceeded to operate his own automobile, which the defendant Elijah Z. Massey had been operating, and the defendant Elijah Z. Massey proceeded to operate the rented 1971 Chevrolet automobile.

"On June 6, 1971, the defendant Elijah Z. Massey was 19 years old. The defendant Elijah Z. Massey was not designated as an additional driver on the rental contract executed by Victor Barlow Carraway, nor was he a person over the age of 21 who was a member of Victor Barlow Carraway's immediate family, an employer, employee, fellow employee, or partner or executive officer of Victor Barlow Carraway, . . . Massey, while operating the aforementioned rented 1971 Chevrolet automobile, was involved in an automobile collision with an automobile being operated by the defendant Kenneth Elmond Stone on U. S. Highway No. 401, three miles north of the Town of Lillington, North Carolina."

The individual defendants sustained injuries as a result of the collision.

The court concluded the insurance policy issued by the plaintiff insuring Bobby Murray Leasing, Inc., doing business as Budget Rent A Car, complied with the provisions of G.S. 20-279.21 and G.S. 20-281 and does not afford Elijah Z. Massey

coverage because he was not operating the insured vehicle with the express or implied permission of the named insured and was not in legal possession of the insured vehicle.

The court entered judgment here quoted:

"Now, THEREFORE, based upon the foregoing findings of fact and conclusions of law, IT IS ORDERED, ADJUDGED AND DECREED that the policy of automobile liability insurance issued by the plaintiff to Bobby Murray Leasing, Inc., doing business as Budget Rent A Car, affords no insurance coverage to Elijah Z. Massey, and that the plaintiff shall not be obligated to pay on behalf of Elijah Z. Massey any sums which Elijah Z. Massey shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the 1971 Chevrolet automobile which was being operated by Elijah Z. Massey on June 6, 1971, and which was involved in an automobile collision with an automobile being operated by Kenneth Elmond Stone: it is further ORDERED, ADJUDGED AND DECREED that the plaintiff is not obligated to defend any suit against Elijah Z. Massey, nor is the plaintiff obligated to pay any costs taxed against Elijah Z. Massey in any suit that is presently pending or which hereafter may be instituted against Elijah Z. Massey; and it is further ORDERED that the costs of this action be taxed against the defendants."

The defendants appealed.

*Perry C. Henson and Joseph E. Elrod III, for plaintiff Appellee.*

*Bryant, Lipton, Bryant & Battle, by Victor S. Bryant, Jr.; Stewart and Hayes, P. A., by Gerald W. Hayes, Jr.; Anderson, Nimocks & Broadfoot, by Henry L. Anderson, for defendant appellants.*

HIGGINS, Justice.

The appeal presents this question: Does the plaintiff's automobile liability insurance policy No. FCA 10-389-011 issued to Budget Rent A Car, which leased the insured vehicle to Victor Barlow Carraway, afford coverage to Elijah Z. Massey to whom

Carraway surrendered it in violation of his leasing agreement with the owner?

By the stipulations of the parties and the findings of Judge Seay, who tried the case without a jury, these pertinent facts were established: (1) The plaintiff issued its policy of automobile liability insurance on a 1971 Chevrolet owned and operated in the lessor's rental business. (2) The coverage extended to the named insured, Budget Rent A Car, and any person or organization legally responsible for the use of the Chevrolet provided the actual use is by named insured or with the permission of the named insured. (3) By written agreement the lessor rented the insured vehicle to Carraway. The written leasing agreement provided that Carraway would not surrender possession to any person unless over twenty-one and a licensed driver. (4) Carraway, in violation of the agreement and without the knowledge or consent of the lessor, surrendered the vehicle to Massey. (5) While operating the vehicle on the highway, Massey inflicted injuries and damages.

The written rental contract between the owner and Carraway provided: "All authorized drivers must be 21 or older and licensed." A sound legal reason existed for the limitation. At the date of the policy, the date of the leasing agreement, and the date of the accident, age twenty-one was fixed by law as the age at which one became legally responsible for his contractual obligations. The lessor, therefore, might hope to recoup any damages resulting from a breach of the rental contract. The purpose of requiring that the permittee be a licensed driver is obvious.

In violation of the agreement and without the knowledge or consent of the lessor, Carraway surreptitiously surrendered the insured vehicle to Elijah Z. Massey, age nineteen. The defendants contend that the terms of the policy afford coverage for injuries inflicted by Massey and in the alternative if the policy does not provide such coverage, the North Carolina Statutes, G.S. 20-279.21 and G.S. 20-281, when construed together, became parts of the insurance contract and extended coverage to any driver who was in lawful possession at the time of the injuries. They contend that Massey was not shown to be in unlawful possession.

Actually, G. S. 20-279.21 applies to the operation of motor vehicles generally and requires coverage for "[T]he person named therein and any other person, as insured, using any such

motor vehicle . . . with the express or implied permission of such named insured. . . ." By Chapter 1162, Session Laws of 1967, the General Assembly amended G. S. 20-279.21(b)(2) by adding as insured "or any other persons in lawful possession." In the preamble to the amendment the General Assembly declared: "[T]he owner of every motor vehicle has the absolute authority under the law to allow or not to allow anyone else to operate his vehicle. . . ." But when lawful possession is shown, further proof is not required that the operator had the owner's permission "to drive on the very trip and occasion of the collision." Section 2 of the amendment provides: "It shall be a defense to any action that the operator of a motor vehicle was not in lawful possession on the occasion complained of."

[1, 2] In this case the owner (Budget Rent A Car) surrendered possession of its vehicle to Carraway on written condition that Carraway not permit possession to pass to a person under twenty-one years of age or an unlicensed driver. The owner obligated itself to be responsible for Carraway's negligence but Carraway could not, in violation of his own agreement, make the owner responsible for Massey's negligence. No provision is made for owner's liability either by the policy or by G.S. 20-279.21, as amended, until lawful possession is first established. This may be done by express or implied permission of the owner.

The rule is stated in *Bailey v. Insurance Company*, 265 N.C. 675, 144 S.E. 2d 898: " 'Where express permission is relied upon it must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference. On the other hand, implied permission involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent.' . . . Ordinarily, one permittee does not have authority to select another permittee without specific authorization from the named insured." *Torres v. Smith*, 269 N.C. 546, 153 S.E. 2d 129; *Wilson v. Indemnity Co.*, 272 N.C. 183, 158 S.E. 2d 1; *Rhiner v. Insurance Co.*, 272 N.C. 737, 158 S.E. 2d 891; *Insurance Co. v. Insurance Co.*, 276 N.C. 243, 172 S.E. 2d 55.

[3] The trial court concluded as a matter of law that Elijah Z. Massey was not a person in lawful possession of the rented 1971 Chevrolet automobile and was not insured by the terms of the policy. Likewise, Massey was not within the coverage required

by G.S. 20-281. G.S. 20-281 required coverage for the owner, rentee, lessee and their agents and employees while in the performance of their duties. There is neither evidence nor finding that Massey at any time was a rentee or lessee or an agent or employee and hence was not performing duties as such. The coverage required by this section extended coverage to Carraway, but not to Massey.

Judge Seay was correct in adjudging that neither the plaintiff's insurance policy nor the requirements of State law provided coverage for personal injuries and property damage caused by Massey's operation of the 1971 Chevrolet automobile No. 0912, License No. 1666-C. The judgment in the Superior Court of Guilford County is

Affirmed.

Justice BRANCH concurring in result.

I agree with the conclusion of the majority that plaintiff's policy did not provide coverage for the personal injuries and property damages caused by Massey's operation of the leased automobile. However, I think the sole basis for this conclusion should be that the vehicle was being operated without the insured's permission.

G. S. 20-279.21 applies to motor vehicles generally and defines a "motor vehicle liability policy." Referring to such policy, the statute in part provides that it "Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, or any other persons in lawful possession, against loss . . ." G.S. 20-279.21 is found in Article 9A.

G.S. 20-281 is a statute found in Article 11 which specifically applies to persons engaged in the renting of automobiles. It requires that "Each such motor vehicle leased or rented must be covered by a policy of liability insurance insuring the owner and rentee or lessee and their agents and employees while in the performance of their duties against loss . . ."

One of the recognized rules of statutory construction is that "Where one statute deals with the subject matter in detail with reference to a particular situation and another statute

deals with the same subject matter in general and comprehensive terms, the particular statute will be construed as controlling in the particular situation unless it clearly appears that the General Assembly intended to make the general act controlling in regard thereto, especially when the particular statute is later enacted." 7 Strong's N. C. Index 2d Statutes § 5; *Food Stores v. Board of Alcoholic Control,* 268 N.C. 624, 151 S.E. 2d 582.

It should be noted that G.S. 20-281 does not include as an insured "any other persons in lawful possession."

Plaintiff's policy, in excess of the statutory requirements of G.S. 20-281, defined an insured to include the named insured and any person using the automobile or legally responsible for the use, provided that the use of the automobile be with the permission of the named insured.

I am of the opinion that only G.S. 20-281 is applicable to the facts of this case and that it was not necessary or proper that we consider whether Massey was in "lawful possession" at the time of the collision.