GRACE JERNIGAN v. STATE FARM MUTUAL AUTOMOBILE IN-
SURANCE COMPANY AND INDIANA LUMBERMEN'S MUTUAL
INSURANCE COMPANY AND SHELBA J. JERNIGAN v. STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND
INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY

No. 7211DC415

(Filed 30 August 1972)

Insurance § 87— automobile liability policy — person in lawful possession
— permission of owner or original permittee

The driver of an automobile was not a "person in lawful posses-
sion" within the meaning of G.S. 20-279.31(b)(2), and thus was not
covered under a liability policy on the automobile, where neither the
insured owner nor his daughter, who had the owner's permission to
use the automobile, gave the driver permission to use the automobile
and the driver, who did not have a driver's license, did not ask for
permission.

APPEAL by defendant Indiana Lumbermen's Mutual Insur-
ance Company, from *Morgan, District Judge,* 14 February 1972
Session of District Court held in HARNETT County.

These are civil actions consolidated for trial by consent,
instituted by plaintiffs, holders of judgments for personal in-
jury and property damage, to recover in the alternative from:
(1) defendant, State Farm Mutual Automobile Insurance Com-
pany (State Farm) on the "uninsured motorist" provision of its
liability policy issued to plaintiff Shelba J. Jernigan or (2)
defendant, Indiana Lumbermen's Mutual Insurance Company
(Lumbermen's) on its automobile liability insurance policy
issued to William James Blue. Defendant, State Farm filed a
cross claim against the defendant Lumbermen's to recover
$585.00 legal expenses and costs incurred by it in defending
plaintiffs' suits against Lumbermen's insured, which suits Lum-
bermen's had refused to defend. The facts stipulated by the
parties are summarized as follows: There is outstanding and
unpaid of record in the office of the Clerk of Superior Court
of Harnett County, North Carolina, a judgment in favor of
plaintiff, Shelba J. Jernigan, against one Margaret Blue in
the sum of Two Thousand Two Hundred and Fifty Dollars
($2,250.00) for personal injuries and Six Hundred Dollars
($600.00) for property damages and a judgment in favor of
plaintiff, Grace Jernigan, against the said Margaret Blue in
the sum of Two Thousand Dollars ($2,000.00) for personal
injuries. Each judgment resulted from a civil action instituted

by the respective plaintiffs against Margaret Blue as operator of a certain 1967 Buick automobile owned by William James Blue on 27 March 1970. On 27 March 1970 Lumbermen's had outstanding and in force, pursuant to the Motor Vehicle Safety and Financial Responsibility Act of 1953, as amended, and The Vehicle Financial Responsibility Act of 1957, as amended, a policy of automobile liability insurance on the 1967 Buick automobile owned by and registered in the name of William James Blue. On March 27, 1970, defendant, State Farm had outstanding and in force, pursuant to the Motor Vehicle Safety and Financial Responsibility Act of 1953, as amended, and The Vehicle Financial Responsibility Act of 1957, as amended, a policy of automobile liability insurance on the 1968 Ford automobile owned by and registered in the name of plaintiff, Shelba J. Jernigan and occupied by the said Shelba J. Jernigan and plaintiff, Grace Jernigan, which provided uninsured motorist insurance. On March 27, 1970, Margaret Blue was not a resident of the household of William James Blue and she and William James Blue were living separate and apart and had so lived for ten years or more. Ellen Blue Darden was and is the daughter of William James Blue and Margaret Blue and was given permission by the said William James Blue to drive his aforesaid 1967 Buick automobile. Shortly prior to the accident herein involved, Ellen Blue Darden had driven said 1967 Buick automobile to South Third Street in the Town of Smithfield, Johnston County, North Carolina, accompanied by her mother, Margaret Blue, and she parked said 1967 Buick automobile in a parallel parking space on South Third Street in Smithfield, North Carolina. Ellen Blue Darden then went to shop and left her mother, Margaret Blue, in the parked automobile and left the keys to the automobile in the car. While the car was parked, Margaret Blue was asked by someone to move the parked car to facilitate another car being moved. She acceded to this request and while moving said 1967 Buick automobile, she collided with the 1968 Ford automobile owned by plaintiff, Shelba J. Jernigan, out of which collision the previous lawsuits and resulting judgments arose. At the time of the collision referred to, on March 27, 1970, Margaret Blue did not know how to drive a car and had never had a driver's license; and neither Ellen Blue Darden nor William James Blue had told Margaret Blue that she could drive the car. The defendant Lumbermen's automobile liability policy defined "persons insured" as:

"(1) The named insured and any resident of the same household

(2) Any other person using such automobile with the permission of the named insured, provided his actual operation . . . is within the scope of such permission, and

(3) Any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a) 1 or 2 above."

The provisions of Section 20-279.21(b)(2) of the General Statutes of North Carolina are incorporated in and made a part of the policy of automobile liability insurance issued by defendant Lumbermen's. The provisions of North Carolina General Statutes Section 20-279.21(b)(3) are incorporated in and made a part of the policy of automobile liability insurance issued by defendant State Farm. Defendant Lumbermen's has denied coverage to Margaret Blue as an insured under its policy of automobile liability insurance and did not provide any defense to the suits by plaintiffs against Margaret Blue arising out of her operation of said automobile on the 27th day of March, 1970. Pursuant to the provisions of North Carolina General Statutes Section 20-279.21(b)(3) defendant State Farm was as Uninsured Motorist Insurer made a party to the action instituted in the District Court of Harnett County, North Carolina, by Grace Jernigan and Shelba J. Jernigan against Margaret Blue. Defendant State Farm filed answers to the suits, appeared in the trial of the actions, and in investigating and defending plaintiffs' suits against Margaret Blue incurred expenses in the amount of $585. Defendant State Farm has refused to pay plaintiffs' judgments against Margaret Blue. The plaintiffs contend in the alternative that (1) Lumbermen's policy of insurance extended coverage to Margaret Blue in her operation of William James Blue's 1967 Buick automobile or (2) said Margaret Blue was an "Uninsured Motorist" coming within the provisions of State Farm's policy on the 1968 Ford automobile belonging to Shelba J. Jernigan, and by reason of "coverage" or "no coverage" extending to said Margaret Blue are entitled to recover of either (a) Lumbermen's or (b) State Farm for the amounts of their respective judgments, less such credits for payments made by State Farm as may be by

law allowed for payments under medical payments provisions and/or collision insurance.

Based on the stipulations of the parties, the trial judge in pertinent part concluded: The 1967 Buick automobile was an insured motor vehicle and the tort-feasor, Margaret Blue, was an insured operator within the provisions of the liability insurance policy issued by defendant Lumbermen's. The 1967 Buick automobile was not an uninsured motor vehicle and the tort-feasor, Margaret Blue, was not an uninsured operator within the provisions of the policy of the automobile insurance issued by defendant State Farm. Defendant Lumbermen's has, by denying coverage to Margaret Blue as an insured under its policy of automobile liability insurance and by refusing to pay plaintiffs' judgments herein sued on and by failing to provide any defense to the suits by plaintiffs against Margaret Blue, breached the provisions of its policy of automobile liability insurance, and the General Statutes of North Carolina applicable thereto, and made a part thereof. By so doing, defendant Lumbermen's has wrongfully caused defendant State Farm to incur expenses in defense of said suits in the amount of Five Hundred and Eighty-Five Dollars ($585.00).

From a judgment that the plaintiff Shelba J. Jernigan and the plaintiff Grace Jernigan recover of the defendant Lumbermen's $2,850 and $2,250, respectively, and that the defendant State Farm recover of the defendant Lumbermen's $585, the defendant Lumbermen's appealed.

*Bryan, Jones, Johnson, Hunter & Greene by C. McFarland Hunter for plaintiff appellees (Grace Jernigan and Shelba J. Jernigan).*

*Butler, High & Baer by Ervin I. Baer for defendant appellee (State Farm Mutual Automobile Insurance Company).*

*Anderson, Nimocks & Broadfoot by Henry L. Anderson for defendant appellant (Indiana Lumbermen's Mutual Insurance Company).*

HEDRICK, Judge.

The defendant Lumbermen's assigns as error the denial of its motion for summary judgment as to plaintiffs' claims and as to the cross claim of the defendant State Farm. "(T)he

movant is allowed to preserve his exception to the denial of the motion for consideration on appeal from the final judgment." The question thus presented on appeal is whether the pleadings and stipulations of the parties show there is a genuine issue as to any material fact and whether any party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56.

> "Evidence which may be considered under Rule 56 includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file whether obtained under Rule 36 or in any other way, affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E. 2d 823, 829 (1971).

The detailed stipulation of facts made by the parties shows clearly there was no genuine issue as to any material fact; therefore, the question presented to the trial judge by Lumbermen's motion for summary judgment was whether, under the stipulated facts, it was entitled to judgment as a matter of law. We hold that it was.

This appeal presents for resolution a question of first impression in North Carolina—the construction to be given to the phrase "persons in lawful possession" as used in G.S. 20-279.21(b)(2), which is by statute made a part of the policy of automobile liability insurance issued by defendant Lumbermen's. By the terms of that statute, coverage is extended to the named insured, those operating the motor vehicle with the express or implied permission of the named insured and to "persons in lawful possession." The phrase "persons in lawful possession" appeared in the original 1947 version of this statute, was deleted by the 1953 Legislature and was reinstated by Chapter 1162 of the Session Laws of 1967.

Appellent contends, "Neither the owner nor Ellen, who had been given permission to use the car, told Margaret she could drive it and Margaret did not ask for permission. . . ." It thus becomes necessary for the court to determine whether permission, express or implied, is an essential element of "lawful possession." We hold that it is. To hold otherwise would constitute anyone other than a thief a person in "lawful possession."

It is stated in 12 Couch *On Insurance* 345 § 45:340 (2d ed. 1964), "Omnibus coverage clauses protect others than the named

---

---

insured only when such other persons are using or operating the insured motor vehicle with the 'permission' or 'consent' of the named insured. Conversely, there is no coverage by virtue of the omnibus clause in the absence of such permission." In 4 A.L.R. 3d § 3 (A), p. 25, it is stated, "It appears well settled that the named insured's mere permission to another to use the automobile does not of itself authorize the permittee to delegate his right of user to a third person so as to bring the latter within the coverage of the omnibus clause." And at page 24, "The consent of the first permittee is likewise essential where a second user claims coverage by virtue of the named insured's initial permission."

Three rules of construction are utilized by the courts of different states in construing omnibus clauses. Regardless of which rule is applied, permission, whether express or implied, is required. It is stated in 41 N. C. L. Rev. 232, 234 (1963) :

"(1) Under the strict or 'conversion' rule, any deviation from the time, place, or purpose specified by the person granting permission is sufficient to take the permittee outside the coverage of the omnibus clause.

(2) Under the moderate or 'minor deviation' rule, a material deviation from the permission granted constitutes a use without permission, but a slight deviation is not sufficient to exclude the permittee from coverage.

(3) Under the liberal or 'initial permission' rule, if the permittee has permission to use the automobile in the first instance, any subsequent use while it remains in his possession, though not within the contemplation of the parties at the time of the bailment, is a permissive use within the terms of the clause."

In 1953 the Legislature deleted the phrase ". . . any other person in lawful possession" from the statute [G.S. 20-227 (2) (b)]. Mr. Justice Moore, writing for the court in *Hawley v. Insurance Co.* stated, "We interpret this statutory change to mean that the Legislature intended no more radical coverage than is expressed in the moderate rule of construction, *i.e.,* coverage shall include use with permission, express or implied." The court indicated that prior to this deletion, the statute "was sufficiently broad to embrace the liberal rule. It required that

policies of insurance insure all operators irrespective of limits of permission, if in the lawful possession of the vehicle." 257 N.C. 381, 387, 126 S.E. 2d 161, 166-67 (1962).

The 1967 amendment, adding the words "any other person in lawful possession" is interpreted to signify that the Legislature favors adoption of a liberal rule of construction in applying and interpreting the scope of permission under the omnibus clause. It is stated in 48 N. C. L. Rev. 984, 991 (1970), "As the 1967 amendment clearly provides the opportunity for adoption of the liberal rule in North Carolina as to the scope of permission once granted, it appears permissible for the courts to similarly liberalize the view of what constitutes initial permission. . . ."

A statute prescribing an omnibus clause is a remedial act and should be liberally construed to assure fulfillment of the beneficial goal for which it was enacted. 12 Couch *On Insurance* 326 § 45:313 (2d ed. 1964). Regardless of the liberality of the rule of construction applied, permission of the named insured or of the original permittee is essential to extend coverage to a second permittee. Here, there was no evidence signifying either express or implied permission for Margaret Blue to operate the vehicle. Accordingly, she was not a "person in lawful possession" and the trial court erred in failing to grant summary judgment for defendant Lumbermen's. The judgment of the trial court is therefore

Reversed.

Judges BROCK and MORRIS concur.