JONELL S. PACKER v. TRAVELERS INSURANCE COMPANY

No. 7513SC674

(Filed 21 January 1976)

1. **Insurance § 87— vehicle liability policy — omnibus clause — lawful possession**

   When lawful possession of a motor vehicle is shown, further proof is not required that the operator had the owner's permission to drive on the very trip and occasion of the collision in order for the operator to be covered under the omnibus clause of the owner's liability policy. G.S. 20-279.21(b)(2).

2. **Insurance § 87— vehicle liability policy — omnibus clause — lawful possession — personal use without permission**

   Plaintiff's evidence was sufficient to support a verdict finding that defendant employee was in lawful possession of his employer's truck when it was involved in a collision with plaintiff and that the

employee was thus covered under the omnibus clause of the employer's liability policy where it tended to show that the employee was instructed by the employer to keep the truck at the employee's home over the weekend so that he could pick up other employees on Monday morning and drive them to the job site, and the accident occurred during the weekend while the employee was driving the truck for his personal use.

APPEAL by plaintiff from *Preston, Judge*. Judgment entered 16 May 1975 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 19 November 1975.

On 17 June 1972 plaintiff sustained personal injuries in an automobile accident. The accident was caused by the negligent operation by one James McCrimmon of a truck registered in the name of Alice C. Horne and insured under a liability policy issued by the defendant insurance company. Liability of James McCrimmon was established by judgment entered in the Superior Court, Columbus County, on 18 January 1974 in an action by plaintiff against McCrimmon. Defendant, Travelers Insurance Company, refused to pay the judgment, and this action was instituted to establish defendant's liability to the extent of $10,000.00 under its contract of insurance.

Evidence offered at this trial tended to establish that the truck upon which defendant issued its liability insurance contract was registered in the name of Alice C. Horne and was regularly used in her husband's business and regularly driven by her husband's employees in the performance of duties in the business. Alice C. Horne's husband had full authority to designate to what use the truck would be put.

Plaintiff's evidence tended to show that during the week preceding Friday, 16 June 1972, James McCrimmon had been directed by Mr. Horne to drive the truck. McCrimmon regularly picked up some of Horne's employees in the morning to go to work and drove them to their homes in the afternoon after work. McCrimmon kept the truck at his (McCrimmon's) home overnight. He had previously kept the truck at his home over the weekend. On Thursday, 15 June 1972, McCrimmon kept the truck at his home overnight. Horne's employees were not scheduled for work on Friday. On Friday, 16 June 1972, McCrimmon picked up some of Horne's employees and drove them to Horne's residence in Whiteville. There Mrs. Horne gave the employees their paychecks, and Mr. Horne instructed McCrimmon to drive the employees to the bank to get their checks cashed and to take

one of the men to get his driver's license renewed. Horne further instructed McCrimmon to take the employees to their homes in Chadbourn and to keep the truck at his (McCrimmon's) home over the weekend. McCrimmon was to pick the employees up on Monday morning and drive them to the job site. McCrimmon did not have permission to drive the truck for his personal use. On Saturday, 17 June 1972, while driving the truck for his personal use, McCrimmon negligently operated the truck, causing the injuries to plaintiff.

Defendant's evidence tended to show that McCrimmon was instructed by Horne to return the truck to Horne's house in Whiteville on Friday, 16 June 1972, after taking the employees to the bank and to their homes in Chadbourn. Another employee of Horne had been permitted to keep the truck over the weekend on occasions, but he was not permitted to drive it for his personal use.

Defendant moved for a directed verdict at the close of plaintiff's evidence and again at the close of all the evidence. In each instance the motion was denied. An issue was submitted to and answered by the jury as follows:

"Was James McCrimmon, at the time of the accident on June 17, 1972, in lawful possession of and driving the 1963 Dodge pickup truck of Alice Horne, with her permission, express or implied?

"ANSWER: Yes."

Upon defendant's motion the trial judge entered judgment for the defendant notwithstanding the verdict upon the grounds that "plaintiff has failed to show that said vehicle insured by The Travelers was being operated at the time of the accident by James McCrimmon with the permission of the named insured or that James McCrimmon was in lawful possession of said vehicle."

Plaintiff appealed, assigning as error the entry of judgment for defendant notwithstanding the verdict.

*Marshall, Williams, Gorham & Brawley, by A. Dumay Gorham, Jr., for the plaintiff.*

*McLean, Stacy, Henry & McLean, by Everett T. Henry, for the defendant.*

BROCK, Chief Judge.

[2]   The evidence offered by plaintiff failed to establish that James McCrimmon was operating the truck with the permission of the insured owner to drive on the very trip and occasion of the collision. We agree with the trial judge in his conclusion with respect to plaintiff's failure to show permission. Nevertheless, in our opinion the failure of plaintiff to offer evidence of permission to drive on the very trip and occasion of the collision is not fatal to plaintiff's case. Plaintiff's evidence was sufficient to justify a verdict finding that James McCrimmon was in lawful possession of the insured's vehicle at the time of the collision. We therefore hold that the trial judge erred in concluding that plaintiff had failed "to show . . . that James McCrimmon was in lawful possession of said vehicle." It follows that entry of judgment for defendant notwithstanding the verdict was error.

[1]   By Chapter 1162, Session Laws 1967, the legislature amended G.S. 20-279.21 (b) (2) by adding to the persons insured under an owner's liability insurance policy "any other person in lawful possession" of the insured's vehicle. Clearly the legislature intended a change in the liability insurance coverage previously required by statute. The preamble to Chapter 1162, Session Laws 1967, gives considerable insight into the legislative intent. The following portions of the preamble are instructive:

"WHEREAS, it is the established public policy of North Carolina to require as a prerequisite to the lawful licensing of a motor vehicle for use upon the public highways that the owner of the vehicle have and maintain in full force and effect a liability insurance policy; and

"WHEREAS, the owner of every motor vehicle has the absolute authority under the law to allow or not to allow anyone else to operate his vehicle, . . . ; and

"WHEREAS, many innocent and blameless citizens who are victims of serious personal injuries and property loss are unable to receive any compensation whatsoever because of difficulty of proof under the terms of liability insurance policies, and it is difficult and often impossible for injured parties and operators to prove that one lawfully in possession of a vehicle had the express or implied permission of the owner to drive on the very trip and occasion of the collision; and

"WHEREAS, liability coverage under the laws of North Carolina is provided for an operator of a vehicle who has the 'express or implied permission' of the titled owner but does not extend to persons otherwise lawfully in possession of vehicles . . . : Now, therefore, . . . . "

Thereafter in Section 1 the amendment adding as an insured "any other persons in lawful possession" is set forth. It is instructive also that Section 2 provides: "It shall be a defense to any action that the operator of a motor vehicle was not in lawful possession on the occasion complained of." It seems clear to us that when lawful possession is shown, further proof is not required that the operator had the owner's permission to drive on the very trip and occasion of the collision. *See Insurance Co. v. Broughton*, 283 N.C. 309, at 314, 196 S.E. 2d 243 (1973), where the 1967 amendment is briefly discussed.

In a comprehensive annotation, 5 A.L.R. 2d 600, three general rules of interpretation of the omnibus clause of liability insurance coverage are set forth at page 622.

(1) The strict rule: "For the use of the car to be with the permission of the assured within the meaning of the omnibus clause, the permission, express or implied, must have been given to the employee not only to the use of it in the first instance, but also to the particular use being made of the car at the time in question."

(2) The liberal rule: "The employee need only to have received permission to take the vehicle in the first instance, and any use while it remains in his possession is 'with permission' though that use may be for a purpose not contemplated by the assured when he parted with possession of the vehicle."

(3) The moderate or minor deviation rule: "A slight deviation from the scope of the authority or permission granted will not be sufficient to exclude the employee from the coverage under the omnibus clause, but a material deviation will be held to constitute a use of the automobile without the employer's implied permission."

The Motor Vehicle Safety and Responsibility Act of 1947 provided that insurance policies issued in conformity therewith must insure, as an insured, the person named and any other person using or responsible for the use of the motor vehicle

with the permission, express or implied, of the named insured, "or any other person in lawful possession." Session Laws 1947, Chapter 1006, Section 4(2) (b). However, in 1953 the legislature repealed this provision and provided for insurance coverage for "the person named therein and any other person . . . using any such motor vehicle . . . with the express or implied permission of such named insured. . . . " Session Laws 1953, Chapter 1300, Section 21. The 1953 amendment deleted the coverage for "any other person in lawful possession."

The change made in the 1947 act by the 1953 amendment was considered significant by our Supreme Court in its opinion in *Hawley v. Insurance Co.*, 257 N.C. 381, 126 S.E. 2d 161 (1962). In construing the provision of the 1947 act, the Court in *Hawley* at page 387 stated: "This provision was sufficiently broad to embrace the liberal rule. It required that policies of insurance insure all operators, irrespective of limits of permission, if in lawful possession of the vehicle." In construing the 1953 amendment which effectively deleted the coverage for "any other person in lawful possession," the Court further stated at page 387: "We interpret this statutory change to mean that the Legislature intended no more radical coverage than is expressed in the moderate rule of constructon, i.e., coverage shall include use with permission, express or implied." Since the *Hawley* decision, our courts have applied the third rule set out above; i.e., the moderate or minor deviation rule.

We are now faced with a statutory amendment which is the reverse of the one considered by the Supreme Court in *Hawley, supra*. The legislature was cognizant of the interpretation of the 1953 amendment as compared to the interpretation of the provision of the 1947 act before the amendment. With this history of the legislative enactments in the interpretations placed thereon, the legislature in 1967 reinstated the provision which had been deleted in 1953. This 1967 amendment, when viewed in the light of the legislative and judicial history and in the light of the preamble to the 1967 amendment, leads to one rational conclusion. It was the intent of the legislature that North Carolina should follow no less than a liberal rule comparable to the second rule quoted above.

In *Jernigan v. Insurance Co.*, 16 N.C. App. 46, 190 S.E. 2d 866 (1972), this Court interpreted the 1967 amendment to signify that the legislature favors adoption of a liberal rule of construction in applying the coverage under the omnibus clause.

Packer v. Insurance Co.

However, a statement not necessary to a decision in that case was made that permission, express or implied, is an essential element of lawful possession. Such an interpretation would violate the clear intent of the legislature as expressed in the preamble to the 1967 amendment. The foregoing statement of this Court in *Jernigan, supra,* was dictum and should not be considered authoritative.

[2] It is our opinion that the plaintiff, once having offered evidence tending to show lawful possession of the truck by James McCrimmon, was entitled to have the issue of lawful possession submitted to the jury. As stated above, the plaintiff in this case did offer evidence from which the jury could find James McCrimmon was in lawful possession of the insured's vehicle. The jury answered the issue, finding that James Mc-Crimmon was in lawful possession. The evidence supports the verdict, and the verdict will support a judgment for the plaintiff.

The issue submitted to the jury in this case placed a heavier burden on plaintiff than was warranted under G.S. 20-279.21 (b) (2), as amended in 1967. The issue required a finding of permission as well as lawful possession. It was the necessity of proof of permission that the 1967 amendment was designed to obviate. Although lawful possession by the operator may be shown by evidence of permission granted to the operator to take the vehicle in the first instance, the plaintiff is not required to show more than lawful possession at the time of the accident. However, the error in the issue in this case cannot be said to be prejudicial since the jury answered the issue in favor of the plaintiff.

The judgment for the defendant notwithstanding the verdict is reversed, and this cause is remanded for entry of judgment for the plaintiff upon the verdict.

Reversed and remanded.

Judges BRITT and MORRIS concur.