DONALD WAYNE STANLEY AND SOUTH CAROLINA INSURANCE COMPANY v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 8316SC1181

(Filed 6 November 1984)

1. **Appeal and Error § 45— form of arguments in brief**

   Appellant violated App. Rule 28(b)(5) by failing to set out its argument in its brief in the form of questions immediately· followed by a reference to the assignments of error and exceptions pertinent to the questions.

2. **Insurance § 87.2— automobile liability insurance—lawful possession of vehicle—false representation concerning driver's license**

   A driver who obtained possession of an automobile from the owner by falsely representing that he had a valid driver's license was in "lawful possession" of the vehicle within the meaning of G.S. 20-279.21 so that his operation of the vehicle was covered by the owner's automobile liability policy.

APPEAL by defendant, Nationwide Mutual Insurance Company, from *McKinnon, Judge.* Judgment entered 15 September 1983 in Superior Court, ROBESON County. Heard in the Court of Appeals 30 August 1984.

This is a civil action in which plaintiffs, South Carolina Insurance Company (South Carolina) and David Wayne Stanley, seek to require defendant, Nationwide Mutual Insurance Company (Nationwide), to pay a judgment pursuant to its automobile liability insurance coverage extended to Mitchell and Teresa Jacobs.

The essential facts are:

Mitchell and Teresa Jacobs owned a 1974 AMC Matador automobile which was insured by Nationwide. On 2 May 1979, Wayne Jacobs, Mitchell Jacobs' brother, sought to borrow the automobile

in question. Mitchell Jacobs asked Wayne if he had a driver's license. Wayne produced a North Carolina identification card, asserting to Mitchell Jacobs that he had a valid driver's license. The North Carolina identification card is similar in appearance to a driver's license.

Mitchell Jacobs knew that his brother's driver's license previously had been revoked, but believed the identification card was a driver's license and as a result, gave him the keys to the automobile.

Later that same day, Wayne Jacobs was operating the borrowed automobile in Lumberton when he was involved in a collision with an automobile owned and operated by plaintiff Stanley. Stanley suffered bodily injury and property damage as a result of the collision. In a prior action, Stanley sued Wayne, Mitchell and Teresa Jacobs recovering on 13 March 1980 a judgment for $20,000 plus interest from Wayne Jacobs only.

Nationwide defended this prior action under a non-waiver agreement and refused to pay the judgment entered against Wayne Jacobs. South Carolina paid Stanley $16,375 in settlement of his claim for damages under its uninsured motorist's policy issued to him.

On 12 February 1982, Stanley and South Carolina filed this action against Nationwide to require it to pay the $20,000 judgment entered against Wayne Jacobs under its automobile liability policy issued to Mitchell and Teresa Jacobs.

Nationwide moved for directed verdict at the close of plaintiff's evidence and at the close of all evidence. The jury returned the following verdicts:

(1) At the time of the accident on 2 May 1979 was Wayne Jacobs operating the 1974 AMC Matador automobile owned by Mitchell and Teresa Jacobs with the permission of its owners, or either of them?

Answer: No

(2) At the time of the accident on 2 May 1979 was Wayne Jacobs in lawful possession of the 1974 AMC Matador automobile owned by Mitchell and Teresa Jacobs?

Answer: Yes

Judgment was entered against Nationwide for $15,000 plus interest which was ordered paid to South Carolina in subrogation of Stanley's rights. Nationwide appeals, Stanley does not participate in this appeal and South Carolina is now the real party in interest.

*Bruce W. Huggins, for plaintiff-appellee South Carolina Insurance Company.*

*I. Murchison Biggs, for defendant-appellant Nationwide Mutual Insurance Company.*

EAGLES, Judge.

[1] Appellant Nationwide has violated Rule 28(b)(5), Rules of Appellate Procedure in that it failed to set out its argument in its brief in the form of questions immediately followed by a reference to the assignments of error and exceptions pertinent to the questions. By application of Rule 28, Nationwide has abandoned its entire appeal. However, due to the serious questions presented on appeal and the brevity of the record, we are persuaded, in the interest of justice and in our discretion, as permitted by Rule 2, Rules of Appellate Procedure, to waive the error under Rule 28.

Defendant assigns as error the trial court's refusal to allow its motions for directed verdict and to have the verdict set aside. We find no error.

On appeal from an order granting or denying a directed verdict, we must determine the sufficiency of the evidence based upon the same standards as those applied by the trial judge. *Naylor v. Naylor,* 11 N.C. App. 384, 181 S.E. 2d 222 (1971).

A motion for directed verdict raises the question as to whether there is sufficient evidence to go to the jury. The test that the trial court must use is whether plaintiff's evidence, taken as true and in the light most favorable to the plaintiff is insufficient as a matter of law to justify a verdict for the plaintiff. *Dickinson v. Pake,* 284 N.C. 576, 201 S.E. 2d 897 (1974). Applying this test to the evidence submitted by plaintiffs at trial, it is clear from the record that the evidence was sufficient to go to the jury.

[2] Nationwide argues that where a person obtains from another the possession of an automobile by falsely representing that he is

a licensed driver, that the possession so obtained is not "lawful possession" within the meaning of G.S. 20-279.21. We disagree.

G.S. 20-279.21(b)(2) states, in pertinent part:

> [An] owner's policy of liability insurance . . . shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, or *any other persons in lawful possession*, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles. [Emphasis added.]

Nationwide urges that one cannot have lawful possession without permission and that by falsely representing to Mitchell Jacobs that he had a valid driver's license, Wayne Jacobs did not have permission and as a result, no lawful possession, of the 1974 AMC Matador automobile. The case law in North Carolina is to the contrary.

Nationwide relies strongly on *Jernigan v. State Farm Mutual Automobile Insurance Company*, 16 N.C. App. 46, 190 S.E. 2d 866 (1972) for a proposition stated in dictum that permission is an essential element of lawful possession. We have expressly rejected the proposition that "permission" is necessary for "lawful possession" in *Packer v. Traveler's Insurance Company*, 28 N.C. App. 365, 221 S.E. 2d 707 (1976), where we held that:

> [F]ailure of plaintiff to offer evidence of permission to drive on the very trip and occasion of the collision is not fatal to plaintiff's case. Plaintiff's evidence was sufficient to justify a verdict finding that [the driver] was in lawful possession of the insured's vehicle at the time of the collision. 28 N.C. App. at 368, 221 S.E. 2d at 709.

The evidence is clear that Mitchell Jacobs did not give Wayne Jacobs permission to drive without a valid driver's license, and the jury so answered the issue of permission.

It is also clear that Mitchell Jacobs was a lawful owner of the 1974 AMC Matador automobile and could give lawful possession of the automobile to Wayne Jacobs. The jury found from these facts that the possession was lawful. We agree. It seems clear to

us that when lawful possession has been shown, further proof is not required that the operator had permission to drive on the very trip and occasion of the collision. See, *Insurance Co. v. Broughton*, 283 N.C. 309, 196 S.E. 2d 243 (1973), where the addition to G.S. 20-279.21(b)(2) of "any other persons in lawful possession" is briefly discussed.

To place a burden of proving "permission" on plaintiff as well as "lawful possession" is a burden heavier than the legislature intended in G.S. 20-279.21(b)(2).

For these reasons we find no error. Defendant's other arguments are without merit.

Affirmed.

Judges ARNOLD and WHICHARD concur.