JAMES WILLIAM BELASCO AND STATE FARM MUTUAL AUTOMOBILE IN-SURANCE COMPANY v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 8420SC279

(Filed 5 March 1985)

**Insurance § 87.3— omnibus clause—loan of car by permittee**

　　Summary judgment should not have been entered for defendant, and plaintiffs were entitled to judgment as a matter of law, where defendant insured a vehicle owned by Charlie Thomas, who loaned the vehicle to his daughter with instructions not to let anyone else drive it, and the daughter loaned the vehicle to Carl Hinson, who became involved in an accident with plaintiff Belasco and was found negligent. A person is in lawful possession of a vehicle under an omnibus clause if he is given possession of the automobile by the automobile's owner or owner's permittee under a good faith belief that giving possession of the vehicle to the third party would not be in violation of any law or contractual obligation. G.S. 20-279.21(b)(2); G.S. 14-72.2.

APPEAL by plaintiffs from *Rousseau, Judge.* Order entered 14 February 1984 in Superior Court, UNION County. Heard in the Court of Appeals 16 November 1984.

*Griffin, Caldwell, Helder & Steelman, by Sanford L. Steelman, Jr. and Thomas J. Caldwell, for plaintiff appellants.*

*Taylor and Bower, by George C. Bower, Jr., for defendant appellee.*

JOHNSON, Judge.

This appeal concerns the question of whether a third party, operating a motor vehicle with the permission of one given possession of the motor vehicle by the owner of the vehicle with specific instructions not to allow a third person to operate the vehicle, was in lawful possession of the vehicle within the meaning of G.S. 20-279.21(b)(2). The trial court, in granting summary judgment for defendant, held that the third party did not have lawful possession of the vehicle; therefore, defendant was not liable under the owner's automobile liability insurance policy. For the following reasons, we reverse.

The following facts are undisputed:

Defendant issued an automobile insurance policy to Charlie Dodd Thomas which covered a 1973 Volkswagen automobile Thomas owned. The policy provided that it was subject to the provisions of Chapter 20 of the North Carolina General Statutes. Approximately one week prior to 18 July 1980, Thomas loaned the vehicle to his daughter, Kathy Nelson, and orally instructed her not to let anyone else drive it. On 18 July 1980, Carl Hinson borrowed the automobile from Nelson to go visit relatives in Lancaster, South Carolina. En route back to Matthews, North Carolina from Lancaster, Hinson was involved in a traffic accident in the vehicle, colliding with a vehicle owned and occupied by plaintiff James William Belasco. At the date of the accident, defendant's policy was in full force and effect. In May of 1983, in an action entitled *James William Belasco v. Carl Dennis Hinson* (81CVS1114), a jury found Hinson to have been negligent in the operation of the vehicle and awarded plaintiff Belasco damages in the amount of $9,500.00 for Belasco's personal injuries and in the amount of $1,094.25 for property damage to Belasco's vehicle. A judgment was rendered accordingly. Plaintiffs then instituted this suit against defendant seeking to enforce the judgment against defendant under the policy. Plaintiffs attached a copy of the judgment to the complaint and incorporated it therein by reference.

Defendant filed an answer in which it admitted all of the allegations of the complaint except for an allegation that Hinson was in lawful possession of the automobile. Both sides moved for summary judgment. The trial court granted defendant's motion.

G.S. 20-279.21(b)(2) provides that an owner's policy of liability insurance

> [s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, *or any other persons in lawful possession*, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle. . . . (emphasis added).

The current statute reflects a 1967 amendment to the statute which added the language in italics. 1967 Sess. Laws, c. 1162, s. 1. The intent of the General Assembly in enacting the 1967 amendment is stated in the preamble to the amendatory act:

> WHEREAS, it is the established public policy of North Carolina to require as a prerequisite to the lawful licensing of a motor vehicle for use upon the public highways that the owner of the vehicle have and maintain in full force and effect a liability insurance policy; and

> WHEREAS, the owner of every motor vehicle has the absolute authority under the law to allow or not to allow anyone else to operate his vehicle, but it is a growing custom of our society that persons other than the titled owner operate a motor vehicle, and extend the use for social and non-business use, and for the titled owner to allow, or acquiesce in general use of his vehicle by others either as a fringe benefit or as a means of promoting the pleasure and convenience of loved ones, including friends, and for a titled owner initially to extend permission for the social and non-business use by an employee, friend or member of family who in turn, as a matter of convenience or acquiescence, permits others to operate the vehicle; and

> WHEREAS, many innocent and blameless citizens who are victims of serious personal injuries and property loss are unable to receive any compensation whatsoever because of difficulty

of proof under the terms of liability insurance policies, and it is difficult and often impossible for injured parties and operators to prove that one lawfully in possession of a vehicle had the express or implied permission of the owner to drive on the very trip and occasion of the collision; and

WHEREAS, liability coverage under the laws of North Carolina is provided for an operator of a vehicle who has the 'express or implied permission' of the titled owner but does not extend to persons otherwise lawfully in possession of vehicles with the result that citizens who operate another's vehicle with full reliance upon the existence of liability coverage often find themselves to be victims of large judgments without any coverage whatsoever: . . . . 1967 Sess. Laws, c. 1162.

The 1967 amendment reverted to language similar to that present in the original Motor Vehicle Safety and Responsibility Act of 1947 which insured "any other person in lawful possession" of the vehicle. 1947 Sess. Laws, c. 1006, s. 4(2)(b). The above-quoted language was deleted in 1953. 1953 Sess. Laws, c. 1300, s. 21(b)(2).

Since the 1967 amendment, several cases have dealt with the issue of lawful possession within the context of G.S. 20-279.21 (b)(2). In the first two of these cases, the Court concluded that the operator of the vehicle was not in lawful possession. In *Jernigan v. State Farm Mut. Automobile Ins. Co.*, 16 N.C. App. 46, 190 S.E. 2d 866 (1972), an unlicensed passenger in a parked automobile, at the request of another person to move the automobile out of the way, drove the car without the permission of either the owner of the automobile or the owner's permittee. While moving the automobile, she struck another automobile. In holding the unlicensed operator not to be in lawful possession of the vehicle, this Court stated that permission was an essential element of lawful possession. Having neither the owner's nor permittee's permission to operate the vehicle, the passenger was not in lawful possession.

The next year, in *Iowa National Mut. Ins. Co. v. Broughton*, 283 N.C. 309, 196 S.E. 2d 243 (1973), the Supreme Court was presented with a situation in which the lessee of a rental vehicle, in contravention of the terms of the written rental agreement, permitted a person under the age of 21 to operate the vehicle. The Court noted that a sound policy reason existed for the restriction

in the rental agreement: at the time of the agreement, the age of 21 was fixed by law as the age at which one became legally responsible for one's legal obligations. Since the underage operator did not have the owner's express or implied permission to operate the vehicle, the Court held that he was not in lawful possession. In a concurring opinion, Justice (now Chief Justice) Branch wrote that the Court unnecessarily considered the question of lawful possession under G.S. 20-279.21(b)(2) because G.S. 20-281, which concerned insurance of rental automobiles, dealt more particularly with the situation. G.S. 20-281 did not include as an insured any person in lawful possession.

Later cases, however, have held that the operator was in lawful possession of the vehicle. In *Nationwide Mut. Ins. Co. v. Chantos*, 25 N.C. App. 482, 214 S.E. 2d 438, *cert. denied*, 287 N.C. 465, 215 S.E. 2d 624 (1975), a mother entrusted her automobile to her son, who then gave permission to another minor to operate the automobile. This Court reasoned that since the third person had the son's permission to operate the automobile, the third person had lawful possession.

In *Packer v. Travelers Ins. Co.*, 28 N.C. App. 365, 221 S.E. 2d 707 (1976), an employee had an accident in a company vehicle which he was operating for his personal use after hours without his employer's permission. The employee, with his employer's permission, had driven the vehicle to his home. In holding the evidence supported a finding that the employee was in lawful possession of the vehicle at the time of the accident, the Court quoted the preamble to the 1967 amendment and declared that the General Assembly's intent was to adopt a rule of liberal construction in applying coverage under an omnibus clause.

The most factually similar case to the case *sub judice* is *Engle v. State Farm Mut. Ins. Co.*, 37 N.C. App. 126, 245 S.E. 2d 532, *disc. review denied*, 295 N.C. 645, 248 S.E. 2d 250 (1978), in which a father, the legal owner of the vehicle, gave possession of the vehicle to his son with instructions not to let anyone drive the auto. The son loaned the auto to a third person who was involved in an accident on the way back from Myrtle Beach, South Carolina to Morganton, North Carolina. The father learned on the Friday night immediately preceding the Sunday on which the accident happened that his son had loaned the auto to the third per-

son to drive to Myrtle Beach; the father, however, did not report the incident to the police or attempt to regain possession of the vehicle. In holding the third person to be in lawful possession of the vehicle, the Court cited *Chantos, supra,* as holding that where an original permittee gives another express permission to use the vehicle, the other person is placed in lawful possession under G.S. 20-279.21(b)(2). The Court also cited the preamble of the 1967 amendment as showing a legislative intent to alleviate the necessity of proving that the operator had the express or implied permission of the owner on the very trip and occasion of the collision. Finally, the Court distinguished *Broughton, supra,* by stating *Broughton* concerned a written agreement whereas the case before it concerned oral instructions.

Most recently, in *Stanley v. Nationwide Mut. Ins. Co.,* 71 N.C. App. 266, 321 S.E. 2d 920 (1984), *disc. review denied,* 313 N.C. 174, 326 S.E. 2d 33 (1985), the operator tricked the owner into giving possession of the vehicle to him by displaying an identification card purporting to be an operator's license. We held that the operator was in lawful possession of the vehicle because he had been given possession of the automobile by the lawful owner of the vehicle, although through trick.

In the meantime, however, this Court in *Ford Marketing Corp. v. National Grange Mut. Ins. Co.,* 33 N.C. App. 297, 235 S.E. 2d 82, *disc. review denied,* 293 N.C. 253, 237 S.E. 2d 535 (1977), held that a third party operator of a vehicle who had neither the owner's nor the owner's permittee's express consent to operate the vehicle on the very occasion of the accident was not in lawful possession. In that case, no restrictions had been placed upon the permittee's use of the vehicle by the owner, the permittee had loaned the vehicle to the third party in the past, and the owner had never voiced any objections to the use of the vehicle by the third party. On the occasion of the accident the third party had obtained possession of the vehicle with the permission of the permittee's daughter, who thought her father, who was away, would not mind and who indeed testified that he did not mind. In reaching its result, the Court relied upon a repealed criminal statute, G.S. 20-105, and its replacement, G.S. 14-72.2, which made it a crime for one to operate a vehicle without the owner's consent. Since there was no evidence that the third party operator had the owner's consent, he was not in lawful possession.

At the time *Ford Marketing Corp., supra,* was decided, however, G.S. 14-72.2(a) (Cum. Supp. 1975) provided: "A person is guilty of an offense under this section if, without the consent of the owner, he takes, operates, or exercises control over . . . a motor vehicle . . . of another." G.S. 14-72.2(a) was subsequently amended, effective 1 July 1977, to provide as it does today: "A person is guilty of an offense under this section if, without the express or implied consent of the owner *or person in lawful possession,* he takes or operates an aircraft, motorboat, motor vehicle, or other motor-propelled conveyance of another." 1977 Sess. Laws, c. 919 (emphasis added). Thus, under G.S. 14-72.2(a), as amended, one cannot be prosecuted for unauthorized use of a conveyance if he is operating or using it with the consent of one in lawful possession of the vehicle.

From the foregoing discussion, it is evident that a person is in lawful possession of a vehicle under an omnibus clause if he is given possession of the automobile by the automobile's owner or owner's permittee under a good faith belief that giving possession of the vehicle to the third party would not be in violation of any law or contractual obligation. Applying these principles to the present case, we conclude that Hinson, having been given possession of the vehicle by one in lawful possession, with no notice of restrictions on its use, was in lawful possession. He could not have been prosecuted for unauthorized use of a conveyance under G.S. 14-72.2, nor is there evidence that Hinson had notice that Kathy Nelson violated a contractual obligation with her father by lending the vehicle to him.

There being no genuine issue of material fact, plaintiffs were therefore entitled to judgment as a matter of law. The trial court's order granting summary judgment for defendant is therefore reversed and this cause remanded for the entry of a judgment in accordance with this opinion.

Reversed and remanded.

Judges WHICHARD and PHILLIPS concur.