INSURANCE COMPANY OF NORTH AMERICA v. AETNA LIFE AND
CASUALTY COMPANY, BOBBY D. BROWN, DDM, INC., D/B/A DOLLAR
RENT-A-CAR, KENNETH LANE GARGANUS, JANICE TRIPP GARGAN-
US, NATIONWIDE MUTUAL INSURANCE COMPANY, HERBERT D.
SLUDER, ADMINISTRATOR OF THE ESTATE OF MICHELLE LYNNE SLUDER,
ULYSEE WARE, NORMAN T. WILLIAMS AND DAVID YATES

No. 8721SC468

(Filed 22 December 1987)

1. **Insurance § 87.2— automobile liability insurance—rental vehicle—driver with-
   out valid license—no express permission of insured to drive vehicle—no volun-
   tary coverage**

   In a declaratory judgment action to determine whether plaintiff provided
   automobile insurance coverage to a rental car dealer for claims for wrongful
   death and personal injury and property damage arising out of an automobile
   accident, the trial court erred in determining that the driver, who had no valid
   driver's license, had the express permission of the named insured, the rental
   car dealer, so as to be an "insured" under the terms of the policy, since the
   rental contract specifically provided that the automobile was to be driven only
   by licensed drivers and that a breach of such provision would constitute a
   breach of the rental agreement.

2. **Insurance § 87.2— automobile liability insurance—rental vehicle—unlicensed
   driver—no knowledge by agency—no implied permission to drive vehicle—no
   voluntary coverage**

   In a declaratory judgment action to determine whether plaintiff provided
   automobile insurance coverage to a rental car dealer for claims for wrongful
   death and personal injury and property damage arising out of an automobile
   accident, the trial court erred in determining that the driver had the implied
   permission of the rental agency to drive the car based on the agency's failure
   to object to violations of the rental agreement, since there was no evidence
   that the agency had actual or constructive knowledge that the person who
   rented the vehicle was permitting unlicensed drivers to operate the cars which
   he rented in violation of the rental agreements. Because the driver did not
   have the express or implied consent of the rental agency to drive the car,
   there was no voluntary coverage under the policy in question.

3. **Insurance § 87— automobile liability insurance—rental agency—driver in "law-
   ful possession"—coverage pursuant to statute**

   A driver was in "lawful possession" of a rental agency's car at the time of
   an accident, though he had neither express nor implied permission from the

agency to drive the car, since he had permission from the lessor of the car to drive it; therefore, plaintiff, which issued a policy of automobile insurance to the rental agency, was required, pursuant to N.C.G.S. § 20-279.21(b)(2) and N.C.G.S. § 20-281, to provide coverage for the driver's negligent operation of the agency's automobile, but only in the amounts required by those statutes, not the amounts provided in the policy.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 29 December 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 17 November 1987.

This is a declaratory judgment action instituted by Insurance Company of North America (INA) to determine whether it provided coverage, under a policy of business automobile liability insurance issued to DDM, Inc., d/b/a Dollar Rent-A-Car (Dollar), for claims for wrongful death, personal injuries and property damage arising out of a collision which occurred on 14 October 1984 near Siler City, North Carolina. The accident occurred when an automobile owned by Dollar and driven by defendant Ware collided with automobiles driven by Michelle Lynne Sluder, Kenneth Garganus, and David Yates. Michelle Sluder was fatally injured in the collision; Herbert D. Sluder is the administrator of her estate. Defendants Yates, Kenneth Garganus, Janice Garganus, and Bobby Brown, who was a passenger in the rental automobile, each received personal injuries. The vehicles driven by Sluder, Garganus, and Yates were damaged. Defendants Aetna Life and Casualty Company and Nationwide Mutual Insurance Company provided uninsured motorists coverage for, respectively, the Garganus and Sluder automobiles.

The parties waived a jury trial. Based upon competent evidence of record, the trial court found, *inter alia,* that on 11 October 1984, defendant Norman Williams went to the Dollar rental counter at the Charlotte airport, accompanied by Brown, and rented a 1984 Ford automobile. The rental agreement, which listed Williams and his wife Sandra as "customers," contained, *inter alia,* the following provisions:

1. The lessor identified on page two hereof (hereinafter "DOLLAR") hereby rents to CUSTOMER named on page two, the motor vehicle described on page two, subject to all terms and provisions on both sides of this rental agreement. The term "CUSTOMER" shall include the person designated on page two

of this agreement as "CUSTOMER," any driver of the rental vehicle, as well as the employers, employees, and principals whom they represent. . . .

2. CUSTOMER acknowledges and understands that DOLLAR is relying upon CUSTOMER'S representation that CUSTOMER will only operate and use said vehicle in a safe and prudent manner; and if CUSTOMER operates, entrusts, or uses said vehicle in any manner prohibited below, then CUSTOMER is responsible and liable to DOLLAR for all damages to said vehicle . . . . The parties hereto agree that any breach of the terms of this paragraph is a material breach of this agreement: CUSTOMER AGREES THAT SAID VEHICLE SHALL NOT BE USED OR OPERATED: . . .

(F) By any person other than those persons described above as the CUSTOMER, provided always that any driver must be a qualified, licensed driver, over twenty-one (21) years of age . . . .

Williams subsequently loaned the rented automobile to Brown and Ware in order that they could drive from Charlotte to Raleigh to visit Brown's wife and Ware's girlfriend, who were inmates at the Correctional Center for Women. The collision occurred while Brown and Ware were returning to Charlotte. At the time of the collision, Ware was driving the rental automobile. Neither Ware nor Brown had a valid driver's license. Williams, however, had no knowledge of this fact and had made no inquiry with respect thereto. Williams had permitted Brown and other persons to drive cars which Williams had rented from Dollar on previous occasions.

The named insured in the business automobile policy issued by INA was "DDM, Inc., dba Dollar Rent-A-Car." The policy contained the following pertinent provisions:

LIABILITY INSURANCE

A. WE WILL PAY.

1. *We* will pay all sums the *insured* legally must pay as damages because of *bodily injury* or *property damage* to which this insurance applies, caused by an *accident* and resulting from the ownership, maintenance or use of a covered *auto*.

. . .

D. WHO IS INSURED.

1. *You* are an *insured* for any covered *auto.*

2. Anyone else is an *insured* while using with *your* permission a covered *auto you* own, hire or borrow . . . . (Emphasis original).

The trial court concluded that Ware was a "customer" within the terms of the rental agreement between Dollar and Williams and, thus, that he was using the automobile with the permission of Dollar, so as to be an "insured" within the provisions of INA's policy. The court entered judgment determining that INA provided coverage for claims arising out of the 14 October 1984 automobile collision up to the limits of its policy. In the alternative, the trial court concluded that Ware was in "lawful possession" of the automobile and that INA's policy provided, at the least, the coverage required by G.S. 20-281 and G.S. 20-279.21. Plaintiff appeals.

*Petree Stockton & Robinson, by W. Thompson Comerford, Jr., and Jane C. Jackson, for plaintiff-appellant.*

*Price and Smith, by Wm. Benjamin Smith, for defendant-appellee Bobby D. Brown.*

*Henson Henson Bayliss & Coates, by Paul D. Coates and Perry C. Henson, for defendant-appellee Nationwide.*

*Hutchins, Tyndall, Doughton & Moore, by Richard Tyndall and Kent L. Hamrick, for defendant-appellee David Yates.*

*Holmes & McLaurin, by R. Edward McLaurin, Jr., for defendant-appellee Herbert D. Sluder, Administrator of the Estate of Michelle Lynne Sluder.*

*Womble Carlyle Sandridge & Rice, by Reid C. Adams, Jr., for defendant-appellee Aetna Life and Casualty Company.*

MARTIN, Judge.

This appeal confronts us with two issues: (1) was Ware driving the rental automobile with either the express or implied permission of the named insured, Dollar, so as to be an "insured"

under the terms of INA's policy; and, (2) if not, was Ware in "lawful possession" of the rental automobile so as to be within the coverage required by G.S. 20-281 and G.S. 20-279.21. We conclude that Ware had neither Dollar's express permission to operate the car nor its implied permission to do so and, therefore, was not an "insured" under the terms of the policy issued by INA to Dollar. Accordingly, we must reverse the trial court's holding that INA provides coverage up to the limits of its policy. However, we conclude that Ware was in "lawful possession" of Dollar's automobile within the meaning of G.S. 20-279.21 so as to bring his operation of the automobile within the mandatory liability insurance coverage required for automobile lessors by G.S. 20-281.

## I.

## A.

[1] Even though there was no evidence that Ware had ever dealt with Dollar, the trial court concluded that he was a "customer" under the terms of Dollar's rental contract with Williams, which defined "customer," *inter alia*, as "any driver of the rental vehicle." Therefore, the court concluded Ware was driving with Dollar's express permission and was an insured under the terms of INA's policy. INA excepts and assigns error, contending that Ware's operation of the vehicle was expressly prohibited, rather than expressly permitted, by the rental contract. We agree.

When the language of a contract is plain and unambiguous, the construction thereof is a matter of law, *Kent Corporation v. Winston-Salem*, 272 N.C. 395, 158 S.E. 2d 563 (1968), and it is the duty of the court to construe the contract as written. *Parks v. Venters Oil Co., Inc.*, 255 N.C. 498, 121 S.E. 2d 850 (1961). The provisions of the rental agreement in this case are free from ambiguity, and the construction to be given the provisions of this contract is, therefore, a question of law, not of fact. *Kent, supra.* Notwithstanding the broad meaning accorded the word "customer" by the first paragraph of the rental contract, the second paragraph specifically provided that Dollar's automobile was to be driven only by licensed drivers and that a breach of such provision would constitute a material breach of the rental contract. Thus, no express permission for Ware to drive the automobile is granted by the rental agreement.

### B.

[2] The trial court also concluded that even if Ware had no express permission, he had the implied permission of Dollar to drive the car. This conclusion was based upon findings that Williams had, on previous occasions, rented vehicles from Dollar and permitted persons other than those named as customers on the rental contract to drive the cars. The court found that an employee of Dollar knew of the practice and had not objected to it, signifying Dollar's consent for others to use the vehicles rented by Williams.

It is true that an owner's permission to use an insured automobile may be express or implied. *Bailey v. General Insurance Company*, 265 N.C. 675, 144 S.E. 2d 898 (1965).

> "Where express permission is relied upon it must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference. On the other hand, implied permission involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent." (Citations omitted.) However, the relationship between the owner and the user, such as kinship, social ties, and the purpose of the use, all have bearing on the critical question of the owner's implied permission for the actual use.

*Id.* at 678, 144 S.E. 2d at 900. Implied permission may be found "where the named insured has knowledge of a violation of instructions and fails to make a significant protest." *Nationwide Mutual Ins. Co. v. Land*, 318 N.C. 551, 563, 350 S.E. 2d 500, 506-07 (1986), *quoting* 6C J. Appleman, *Insurance Law and Practice* § 4365 (1979).

In the present case, there was neither evidence nor a finding that Dollar had actual or constructive knowledge that Williams was permitting unlicensed drivers to operate the cars which he rented in violation of the rental agreements. There is no evidence that Dollar's employee had ever seen Ware or that Dollar had any knowledge of Ware's operation of its car until after the collision giving rise to this litigation. Thus, there is no evidentiary support for a finding that Dollar, with knowledge of Williams' violations of the rental contract, failed to protest such violations. Moreover,

any implied permission by Dollar is strongly negated by the specific prohibition in the rental contract against permitting an unlicensed driver to drive the rental automobile. We hold that neither the evidence nor the trial court's findings of fact support its conclusion that Ware was driving the rented automobile with Dollar's permission.

### C.

The limits of INA's liability under its policy were greater than the coverage required by G.S. 20-281. To the extent that the coverage exceeded that required by the statute, the coverage was "voluntary." *American Tours, Inc. v. Liberty Mutual Ins. Co.,* 315 N.C. 341, 338 S.E. 2d 92 (1986). "[A]n insurance company has the right to enter into whatever insuring agreements it wishes to limit its voluntary coverages as opposed to those statutorily required." *Id.* at 350, 338 S.E. 2d at 98.

INA's policy provided coverage to "[a]nyone . . . while using with [Dollar's] permission a covered auto" owned by Dollar. Thus, in order for INA's voluntary coverage to be extended, under the terms of the policy, for Ware's negligent operation of Dollar's automobile, Ware must have had either Dollar's express or implied permission to drive it. *See Nationwide Mutual Insurance Co. v. Land, supra.* Since Dollar had neither expressly nor impliedly given Ware permission to drive its automobile, INA's policy affords no voluntary coverage for claims arising from his negligent operation of it.

### II.

[3] Since INA's policy does not provide voluntary coverage, we must determine whether coverage is mandated by the provisions of G.S. 20-281. That statute and G.S. 20-279.21 "prescribe mandatory terms which become part of every liability policy insuring automobile lessors." *American Tours, supra* at 346, 338 S.E. 2d at 96. G.S. 20-281 requires those engaged in the business of renting automobiles to the public to maintain liability insurance "insuring the owner and rentee . . . and their agents" against liability for damages for personal injury or death in the minimum amount of $25,000.00 per person and $50,000.00 per accident and for property damage in the amount of $10,000.00. G.S. 20-279.21, "which applies more generally to every policy insuring any automobile

owner whether or not that owner leases vehicles," *American Tours, supra* at 347, 338 S.E. 2d at 97, requires that the coverage be extended to "any other persons in lawful possession" of the vehicle. G.S. 20-279.21(b)(2). The trial court in the present case concluded that because Williams had given Ware permission to use the car, Ware was in lawful possession of Dollar's car at the time of the accident so that INA was required to provide coverage in at least the amount mandated by the statutes. We agree.

It is not necessary to show that one has the owner's "permission" to drive an automobile in order to show that he is in "lawful possession" of it within the meaning of G.S. 20-279.21(b)(2). *Stanley v. Nationwide Mut. Ins. Co.*, 71 N.C. App. 266, 321 S.E. 2d 920 (1984), *disc. rev. denied*, 313 N.C. 174, 326 S.E. 2d 33 (1985). A person may be in lawful possession of an automobile if he is given possession by someone using the automobile with the express permission of the owner, even though the permission granted by the owner did not include the authority to permit others to operate the automobile. *See Belasco v. Nationwide Mutual Ins. Co.*, 73 N.C. App. 413, 326 S.E. 2d 109, *disc. rev. denied*, 313 N.C. 596, 332 S.E. 2d 177 (1985); *Engle v. State Farm Mutual Insurance Co.*, 37 N.C. App. 126, 245 S.E. 2d 532, *disc. rev. denied*, 295 N.C. 645, 248 S.E. 2d 250 (1978).

The trial court found in the present case that Brown and Ware were given possession of Dollar's car by Williams, who, as Dollar's customer, was in lawful possession of the automobile. Although Williams violated his contract by permitting Brown and Ware to drive the car, their possession of it was not unlawful. We conclude, as did the trial court, that Ware was in "lawful possession" of Dollar's car at the time of the accident, though he had neither express nor implied permission from Dollar to drive the car. Therefore, INA is required, pursuant to G.S. 20-279.21(b)(2) and G.S. 20-281, to provide coverage for Ware's negligent operation of Dollar's automobile. Such coverage, however, is limited to the amounts of coverage required by those statutes. *See* G.S. 20-279.21(g); *American Tours, supra.*

### III.

The judgment of the trial court declaring that INA provides coverage to the full extent of its policy limits must be reversed and this cause remanded for entry of judgment, consistent with

this opinion, declaring that INA provides coverage for Ware's negligent operation of Dollar's automobile, but only to the extent required by G.S. 20-279.21(b)(2) and 20-281.

Reversed and remanded.

Judges EAGLES and PARKER concur.