DAVIS v. VECARO DEVELOPMENT CORP.

[101 N.C. App. 554 (1991)]

REID H. DAVIS, Plaintiff v. VECARO DEVELOPMENT CORPORATION and
THE ERVIN COMPANY, D/B/A UNIVERSAL MORTGAGE COMPANY,
Defendants

No. 9026SC486

(Filed 5 February 1991)

**Mortgages and Deeds of Trust § 15 (NCI3d)— deed of trust—
assumption rider—transfer between tenants in common**

The trial court did not err in a declaratory judgment
action to interpret an assumption rider in a deed of trust
by concluding that the assumption rider governed a transfer
of the interest of one tenant in common to another tenant
in common. According to the clear language of the contract,
such a transfer invokes the due on sale clause which in turn
provides for an increased interest rate. While the law recognizes
a distinction between deeds of trust assumed and property
taken subject to an existing deed of trust, the due on sale
language does not limit itself to assumption transfers and the
court is prohibited from reading such limitation into the other-
wise clear language.

**Am Jur 2d, Mortgages § 379.5.**

**What transfers justify acceleration under "due-on-sale"
clause of real-estate mortgage. 22 ALR4th 1266.**

APPEAL by plaintiff from order entered 10 January 1990 in
MECKLENBURG County Superior Court by *Judge Chase B. Saunders.*
Heard in the Court of Appeals 29 November 1990.

In a general warranty deed dated 1 December 1982, plaintiff
and Ralph A. Ector, Jr., as tenants in common, purchased a certain
condominium unit from defendant Vecaro Development Corpora-
tion. On the same date plaintiff and Ralph A. Ector, Jr. also ex-
ecuted a promissory note for $42,702.00, a deed of trust securing
the note, a condominium rider and an assumption rider. Section
17 of the deed of trust provides that if the borrowers transfer
the property or an interest therein, excluding certain transfers
not pertinent here, without the lender's prior written consent, the
lender at its option can declare all sums secured by the deed of
trust to be immediately due and payable. Following section 17,
the deed of trust states "See Assumption Rider attached thereto."

## DAVIS v. VECARO DEVELOPMENT CORP.

[101 N.C. App. 554 (1991)]

The attached assumption rider provides that in the event of a transfer to a creditworthy transferee, the lender shall permit transfer provided, among other conditions, that the loan interest rate shall be increased to 12%.

By general warranty deed dated 6 January 1987, Ector conveyed his interest in the above condominium unit to plaintiff, subject to the above 1 December 1982 deed of trust. Appellee Universal Mortgage Company, Vecaro's servicing agent, notified plaintiff that the 12% interest rate became effective upon the transfer.

Plaintiff challenged Vecaro's interpretation of the deed of trust and assumption rider language and filed this declaratory action asking the court to determine the interest rate due. By order dated 10 January 1990, the trial court concluded that the deed of trust and assumption rider language governs the transfer interest rate terms and according to those terms, defendant is entitled to an interest of 12%. Plaintiff appeals.

*W. Leon Davis for plaintiff-appellant.*

*Gerdes, Mason, Wilson, Tolbert & Simpson, by Robert W. Allen and James L. Mason, Jr., for defendants-appellees.*

WELLS, Judge.

In his assignments of error, plaintiff contends that the trial court's conclusions are unsupported by the evidence, unsupported by the findings, contrary to law and seek to vary the terms of the written instruments. Defendant contends that the written language of the contract is clear and that the trial court properly concluded that the transfer entitled defendant to a 12% interest rate.

"When the language of a contract is plain and unambiguous, the construction thereof is a matter of law . . . and it is the duty of the court to construe the contract as written." *Ins. Co. of North America v. Aetna Life & Casualty Co.*, 88 N.C. App. 236, 362 S.E.2d 836 (1987) (citations omitted). The contract between plaintiff and defendant is unambiguous. The deed of trust clearly states in its due on sale clause:

> 17. Transfer of the Property: Assumption. If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent,

DAVIS v. VÉCARO DEVELOPMENT CORP.

[101 N.C. App. 554 (1991)]

. . . Lender may at Lender's option, declare all the sums se-
cured by this Deed of Trust to be immediately due and payable.

*See ASSUMPTION RIDER attached hereto.

However, the assumption rider provides a means for the borrower
to avoid the harsh reality of the due on sale clause by increasing
the interest rate to 12% on the remaining balance:

> ASSUMPTION RIDER (Section 17 cont'd). Provided, however, that
> in the event the sale or other transfer on any interest in
> the Property . . . the Lender shall permit assumption of the
> obligations under the Note and this Deed of Trust under the
> following conditions:
>
> a) the interest rate shall be increased to . . . twelve percent
> (12%). . . .

In this case, while the transfer was between tenants in common,
according to the clear language of the contract, such a transfer
invokes the due on sale clause which in turn provides for an in-
creased interest rate of 12%. Plaintiff does not argue and we find
no authority supporting such argument that transfers between
cotenants do not trigger due on sale clauses.

Instead, plaintiff contends that a distinction at law exists be-
tween property conveyances where the borrower "assumes" an
existing deed of trust and where the borrower takes property
"subject to" an existing deed of trust. Plaintiff further contends
the due on sale clause is not triggered because he did not "assume"
the deed of trust but only took the property "subject to" the existing
deed of trust. We agree with plaintiff that the law recognizes
a distinction between deeds of trust "assumed" and property taken
"subject to" an existing deed of trust. See Driftwood Manor In-
vestors v. City Federal Savings & Loan Association, 63 N.C. App.
459, 305 S.E.2d 204 (1983). However, the distinction is irrelevant
to the issue at hand. The unambiguous deed of trust language
states "If all or any part of the Property or an interest therein
is sold or transferred by Borrower. . . ." The due on sale clause
language does not limit itself to "assumption" transfers and this
court is prohibited from reading such limitation into the otherwise
clear language. Isby v. Crews, 55 N.C. App. 47, 284 S.E.2d 534
(1981).

Affirmed.

Judges JOHNSON and COZORT concur.